Alodio **BARRAZA**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–500–CR.

Court of Appeals of Texas, Corpus Christi.

June 30, 1987.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, Co. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

UTTER, Justice.

Appellant was tried before a jury and convicted of Driving While Intoxicated. The court placed appellant on probation for two years and assessed a fine of $360.00. We affirm the judgment of the trial court.

By his first point of error, appellant contends that the evidence is insufficient to prove that he was the man who allegedly committed the offense. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Officer Lloyd testified that he arrested appellant on November 23, 1985, for DWI. Officer Lloyd also made an in-court identification of appellant as the man he arrested. The officer's testimony was confirmed by Mr. Aguilo, who was a civilian "ride-along." Mr. Agulio on direct-examination testified as follows:

Q  Who did you stop?

A  The defendant in this case, the gentleman in the black suit seated at the defense table.

The testimony of Officer Lloyd and Mr. Aguilo sufficiently identified the appellant for the jury. Appellant's first point is overruled.

By his second point, appellant contends that the trial court erred in overruling his objection to include a charge on "reasonable suspicion to stop appellant's vehicle." By his third point, appellant contends that evidence of his intoxication should not have been admitted because the police did not have a reasonable suspicion to stop him.

A police officer may make a temporary investigative detention of a person if the officer has a reasonable suspicion that some activity out of the ordinary is or has occurred, some suggestion to connect the person with the unusual activity, and some indication that the activity is related to crime. *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App.1986). An instruction on reasonable suspicion should only be submitted to the jury if an issue of fact is raised. *Id.* at 655.

In the case at bar, Officer Lloyd testified that he stopped appellant's vehicle because he was "weaving within his lane" and made two improper turns. Appellant did not testify, nor did he call any witnesses to controvert the officer's testimony. Thus, no fact issue was raised and appellant was not entitled to an instruction on reasonable suspicion. *Id.* at 653. Furthermore, the officer's testimony in fact established that he had the reasonable suspicion necessary to stop appellant for further investigation. The trial court correctly overruled appellant's objection. Appellant's second and third points are overruled.

By his fourth point, appellant contends that the trial court erred in allowing the State to elicit testimony that appellant refused to perform field sobriety tests while in the video room of the Nueces County Sheriff's Office.[1] Appellant was

---

1. Appellant was also asked to perform field sobriety tests prior to his arrest, and after he was pulled over by Officer Lloyd. Appellant performed the tests, although "poorly." Appellant's point of error concerns a *subsequent* request to

asked to "balance himself on one leg," "touch his nose with his index finger," and "walk heel to toe." Appellant refused to perform these tests.

Appellant contends that such evidence violates his "right to remain silent." Appellant argues that his right against self-incrimination was violated by the admission of this evidence.

A request to perform a field sobriety test is sufficiently similar to a request to perform a breathalyzer test so as to allow an analogy to the law governing the admissibility of evidence of a suspect's refusal to take a breathalyzer test.[2] Both types of tests are designed to test the sobriety of the suspect. We can discern no reason to distinguish between them with regard to the admissibility of refusal to perform the tests.

The United States Supreme Court has held that the Fifth Amendment is not violated by the use of evidence of a suspect's refusal to take a blood-alcohol test because "no impermissible coercion is involved" when a suspect refuses to submit to the test. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 921–22, 74 L.Ed.2d 748 (1983). The Court of Criminal Appeals has held that the use of such evidence does not violate Tex. Const. art. I, § 10 for the same reason. *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App.1986). The *Thomas* Court held that "both the state and federal privileges against self-incrimination are aimed at preventing *involuntary* testimonial incrimination." *Id.* at 704. [emphasis in original] Refusal to submit to a breathalyzer test is not compelled, and therefore, its admission does not violate art. I, § 10, which mandates that an accused not be "compelled to give evidence against himself." *Bass v. State*, 723 S.W.2d 687, 691 (Tex.Crim.App.1986). Absent evidence that appellant was compelled to refuse to perform the field sobriety tests, evidence of his refusal was admissible. *See Thomas v.*

*State*, 723 S.W.2d at 704 (defining "compulsion").

Further, the Court of Criminal Appeals has held that the admission of evidence of a suspect's refusal to perform a breathalyzer test does not violate Tex. Code Crim.Proc. Ann. art. 38.22 (Vernon 1979). *Bass v. State*, 723 S.W.2d at 691. The Court held that requesting that a suspect take a breathalyzer test is not an "interrogation." Therefore, appellant's refusal to perform field sobriety tests did not result from a "custodial interrogation" for the purposes of article 38.22. *Id.* Appellant's fourth point is overruled.

■ By his fifth point, appellant contends that the trial court erred in denying his motion to quash the information. Appellant argues that the information failed to give him notice of how he was intoxicated. The information alleged that appellant "did then and there while intoxicated, drive and operate a motor vehicle in a public place."

Tex.Rev.Civ.Stat.Ann. article 67011–1 (Vernon Supp. 1987), provides that a "person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." Intoxicated is defined as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

*Id.*

In *Gaudin v. State*, 703 S.W.2d 789 (Tex. App.—Waco 1985, pet. ref'd), the Waco Court of Appeals held that "intoxication" does not go to an act or omission of the accused, but merely goes to a statutorily defined term or element in the charging instrument which is essentially evidentiary. *Id.* at 791. Specifically, the Court held:

---

perform field sobriety tests made at the Nueces County Sheriff's Office.

2. Appellant also refused to take a breathalyzer test. The evidence of his refusal came in unobjected-to and has not been assigned as error on appeal.

specifying how the defendant became intoxicated does not concern the manner in which the offense of driving while intoxicated was committed. Rather, such specification would only inform the defendant about the type of evidence the State intended to present at trial.

*Id.; see also Brown v. State,* 717 S.W.2d 763, 764–65 (Tex.App.—San Antonio 1986, no pet.) ("Whether the State proved the defendant's state of intoxication by testimony that he did not have the normal use of his mental or physical faculties or by evidence of the alcohol concentration in his blood were purely evidentiary matters—matters of proof which were not required to be pled.")

We agree. The manner by which the State proves that appellant was intoxicated is purely evidentiary in nature. Appellant's fifth point is overruled.

The judgment of the trial court is AFFIRMED.