Valenta v. State 






AFFIRMED 7 JUNE 1990

NO. 10-89-247-CR
Trial Court
# 1981-88
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

DEBRA FISHER VALENTA,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From County Court at Law No. 1
Brazos County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by defendant Valenta from her conviction for
driving while intoxicated for which she was assessed one year in
the Brazos County jail and a $400 fine.
Defendant was stopped on October 13, 1988, by a Bryan police
officer in Bryan. She and a passenger were arrested, she for
driving while intoxicated, the passenger for public intoxication. 
They were taken to the police station where a video tape was made
of defendant. The arresting officer and a backup officer who was
called to the scene on October 13, 1988, both testified that
defendant was intoxicated; the video was shown over defendant's
objection and defendant was convicted by the jury. Defendant
elected to have the court fix punishment and the court assessed one
year in jail and a $400 fine.
Defendant appeals on 5 points.
Point 1 asserts "the trial court committed fundamental error
in continuing the cause when it was demonstrated that the police
officer stopped defendant without probable cause".
Major Freedman, a Bryan police officer, testified that he
stopped defendant's vehicle because defendant appeared to be coming
very fast; that defendant was behind him and he wondered if
defendant would be able to stop; that he had to floorboard his
accelerator in order to avoid a collision; that defendant's car
skidded and almost came to a stop but started up again, jerked
forward, and skidded; and that he, Major Freedman, had to move a
second time to get out of the way.
A police officer may make a temporary investigative detention
of a person if the officer has a reasonable suspicion that some
activity out of the ordinary is or has occurred, some suggestion to
connect the person with the unusual activity, and some indication
that the activity is related to crime. Barroza v. State, CA
(Corpus Christi) 733 S.W.2d 379; Stone v. State, Ct.Crim.Appls, 703
S.W.2d 652; Johnson v. State, Ct.Crim.Appls, 658 S.W.2d 623.
Major Freedman had sufficient probable cause to make an
investigative stop of defendant.
Point 1 is overruled.
Point 2 asserts "the trial court erred in denying defendant's
motion to suppress the video tape for the reason that once informed
of defendant's disability, the arrest and booking process had
reached a critical stage and denial by the police officer of
defendant's request for counsel was a denial of right to counsel
protected by the Sixth Amendment to the U.S. Constitution, and
Article 1, Section 10, of the Constitution of Texas".
Defendant had suffered a broken leg in prior times resulting
in one leg being shorter than the other. Enroute to jail defendant
requested an attorney and when defendant arrived at the jail she
was permitted to telephone her attorney. After contacting her
attorney the booking process was completed. She was videotaped
during sobriety testing and the video tape was shown at trial. 
Defendant argues that her leg being shorter than the other is a
physical impairment and the field sobriety tests should have been
geared to her physical impairment. The video tape was shown to the
jury and presumably it reflects that she did not do well on the
sobriety tests. She further argues she should have had an attorney
at the time of making a video tape of the sobriety testing.
Pre-complaint refusal to allow defendant to consult with an
attorney before performing sobriety tests does not violate
defendant's right to counsel as such right does not attach until
the time complaint is filed. Miffleton v. State, Ct.Crim.Appls,
777 S.W.2d 76; Forte v. State, Ct.Crim.Appls, 759 S.W.2d 128. 
Moreover, here defendant was allowed to call her attorney. The
evidence is overwhelming from two police officers that defendant
was intoxicated. Defendant has not brought forward on appeal the
video tape, thus no harm is shown.
Point 2 is overruled.
Point 3 asserts "the trial court erred in denying defendant's
motion to suppress the audio portion of the video tape because the
verbal communication on the video tape `forced defendant to testify
against herself' in contravention to the Fifth Amendment to the
U.S. Constitution and Article 1, Section 11, of the Constitution of
Texas".
The audio portion of a video tape of a defendant's sobriety
testing should be suppressed at trial to the extent that it
contains compelled testimony given in response to custodial
interrogation. Miffleton v. State, supra. The audio portion of
the tape is admissible if it does not include compelled testimony
resulting from interrogation. Jones v. State, Ct.Crim.Appls, 742
S.W.2d 398.
Defendant has not brought forward to this court the complained
of video tape, for which reason we cannot determine if error
occurred.
Point 3 is overruled.
Point 4 asserts "the trial court erred in failing to grant
defendant's request to demonstrate her disability to the jury in
the same non-testimonial fashion as the video tape".
After the Sate rested its case, defendant's counsel stated he
had some demonstrative evidence to offer. He wanted defendant to
stand up in front of the jury so he could point out some injuries
on defendant's leg. The State's counsel objected on the basis that
the State would not be able to cross-examine what defendant's
counsel characterized as "physical evidence". The trial denied
defendant's request. Defendant made no bill of exceptions nor
offer of proof. The defendant thereafter rested.
Defendant did not preserve error, if any, when she did not
make an offer of proof outside the presence of the jury. Chambers
v. State, Ct.Crim.Appls, 568 S.W.2d 313.
Moreover, the matter, if error, is harmless in view of the
record as a whole. Rule 81(b), Texas Rules of Appellate Procedure.
Point 4 is overruled.
Point 5 asserts "the trial court erred in failing to grant
defendant's motion to suppress the visual portion of the video tape
in that her actions were testimonial in nature and constituted
testimony against herself in violation of the Fifth Amendment of
the U.S. Constitution and Article 1, Section 10, of the Texas
Constitution".
Defendant was videotaped pursuant to normal procedure incident
to arrest and booking. Defendant was asked to perform field
sobriety tests on the video tape. In the officers' opinion
defendant did not successfully complete these field sobriety tests. 
The admission of video tape of a defendant's sobriety tests is not
testimonial in nature and its admission does not violate the Fifth
Amendment privilege against self-incrimination. Miffleton v.
State, Ct.Crim.Appls, 777 S.W.2d 76.
Point 5 is overruled.
AFFIRMED
 
                          FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means 
and Chief Justice McDonald (Retired)]
 



40(b)(1), Tex. R. App. P., the pertinent portions
of which provide:
. . . [I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant
to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not
exceed the punishment recommended by the prosecutor and agreed to by the defendant
and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error
that occurred prior to entry of the plea the notice shall state that the trial court granted
permission to appeal or shall specify that those matters were raised by written motion and
ruled on before trial . . . .

      In the case at bar, the State, the defendant and his counsel entered into a plea bargain
agreement after which the Defendant entered a plea of guilty and the trial court accepted the plea
bargain agreement and set the punishment in accordance therewith. That is to say, our case falls
squarely within Rule 40(b)(1).
      A general notice of appeal does not confer jurisdiction on a court of appeals to consider
defects that occur before or after entry of a plea or a trial error that occurs before or after the entry
of a plea. Davis v. State, 870 S.W.2d 43 (Tex. Crim. App. 1994).
      A claim that the trial court did not give proper admonishments before accepting a guilty plea
involved trial error, not a jurisdictional defect, and thus cannot be raised on appeal absent the trial
court's permission to appeal. Shepherd v. State, 884 S.W.2d 571 (Tex. App.— Waco 1994, no
pet.); Penny v. State, 880 S.W.2d 59, 61 (Tex. App.—Dallas 1994, no pet.).
      A defendant appealing from a plea bargain conviction must obtain the trial court's permission
to appeal any matter in the case except for those matters raised by written motion and ruled on
before trial; a defendant's "general" notice of appeal confers no jurisdiction on a reviewing court
to address nonjurisdictional defects or errors that occur before or after entry of the plea. Lyon v.
State, 872 S.W.2d 732, 735, 736 (Tex. Crim. App. 1994), cert. denied, 114 S.Ct. 2684, 129
L.Ed.2d 816 (1994).
      Under the above decisions, we have no jurisdiction in the case at bar to consider Appellant's
claims that he was not properly admonished. The appeal is dismissed for want of jurisdiction.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Appeal Dismissed
Opinion delivered and filed December 19, 1995
Do not publish