TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00065-CR







Paul Mireles, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-283, HONORABLE JACK ROBISON, JUDGE PRESIDING








 Paul Mireles appeals from a judgment convicting him of the felony offense of
possessing more than 5 pounds but less than 50 pounds of marihuana. See Texas Controlled
Substances Act, Tex. Health & Safety Code Ann. § 481.121(b)(4) (West Supp. 1998). A jury
found Mireles guilty. The trial judge assessed punishment, enhanced by a previous felony
conviction, at imprisonment for thirteen years and a $2500 fine. In his sole point of error,
appellant contends the trial court erred by overruling his motion to suppress evidence. We will
affirm the judgment.


THE CONTROVERSY

 A police officer, the sole witness to testify at the hearing on Mireles' motion to
suppress, stated that he saw Mireles operating his motor car at an excessive speed and weaving
in his lane on Interstate 35. Suspecting Mireles was intoxicated, the officer stopped him and asked
Mireles for his operator's license and proof of insurance. Mireles complied. The officer noticed
an open beer container in Mireles' car but accepted his explanation that he had been drinking
earlier in the day. The officer determined Mireles was not intoxicated but continued the detention
because Mireles was shaking and appeared more nervous than an ordinary person stopped for a
traffic offense; and Mireles had given inconsistent statements regarding his destination. The
officer asked Mireles if he had any weapons or drugs in his automobile; Mireles said there were
none and agreed that the officer might search the automobile. The officer found in the trunk of
the car a bag of marihuana--the object of Mireles' pre-trial motion to suppress evidence. The trial
judge overruled the motion and the marihuana was received in evidence at Mireles' trial. 


DISCUSSION AND HOLDINGS

 Mireles contends in a single point of error that the evidence was not admissible
because it was obtained from an illegal warrantless detention. See U.S. Const. amend. IV; Tex.
Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1998). While conceding
the legality of the officer's detention for a traffic offense observed by the officer, (1) Mireles argues
the officer's authority to detain him ended when the officer determined Mireles was not intoxicated
and the officer's testimony surrounding the episode did not include any "articulable facts which,
taken together with rational inferences from those facts, would warrant a man of reasonable
caution in the belief that continued detention was justified." Davis v. State, 947 S.W.2d 240, 245
(Tex. Crim. App. 1997) (quoting Terry v. Ohio, 392 U.S. 1, 21-22 (1968)). We disagree. 

 We cannot say as a matter of law that the officer's initial authority to detain Mireles
expired when he determined Mireles was not intoxicated. There remained for resolution the
question of whether to arrest Mireles for the traffic offenses and to take him before a magistrate;
to issue Mireles a citation in that regard requiring him to appear in court afterwards to answer the
officer's complaint; or to caution Mireles concerning the matter and allow him to continue on his
way. The issue lay within the officer's discretion to decide. See Tex. Transp. Code Ann.
§ 543.001, .003, .004, 545.351, .352 (West Supp. 1998); Staton v. State, 354 S.W.2d 582, 582
(Tex. Crim. App. 1962); Borner v. State, 521 S.W.2d 852, 854 (Tex. Crim. App. 1975);
Dominguez v. State, 924 S.W.2d 950, 954 (Tex. App.--El Paso 1996, no writ). The discovery
of the marihuana intervened before a decision was made. 

 We believe, moreover, that the officer related in his testimony "articulable facts"
of the character required by Terry and Davis. We refer to the officer's testimony that Mireles
gave inconsistent statements concerning his destination and that Mireles was nervous and shaking
"[b]eyond anything" the officer had "ever seen" in a person stopped for a traffic violation. See
Bustamante v. State, 917 S.W.2d 144, 146 (Tex. App.--Waco 1996, no writ) (justifying search
after traffic stop based on nervousness and inconsistent statements); see also Pace v. State, 461
S.W.2d 409, 410 (Tex. Crim. App. 1971). The detention being valid, the search incident to the
detention, which led to discovery of the contraband, was authorized. 

 We hold accordingly and affirm the judgment.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices Powers and Kidd

Affirmed

Filed: November 30, 1998

Do Not Publish
1. An officer may lawfully stop and detain a person for a traffic violation such as excessive
speed and erratic operation of an automobile. See Tex. Transp. Code Ann. § 543.001, 545.351,
.352, .401 (West Supp. 1998); see also Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App.
1992). An officer may also lawfully stop and detain a person based upon a reasonable suspicion
that the person is operating a motor vehicle while intoxicated. See Tex. Penal Code Ann.
§ 49.04(a) (West 1994); see also Barraza v. State, 733 S.W.2d 379, 380 (Tex. App.--Corpus
Christi 1987), aff'd, 790 S.W.2d 654 (Tex. Crim. App. 1990); Miffleton v. State, 728 S.W.2d
880, 882-83 (Tex. App.--Austin 1987), aff'd, 777 S.W.2d 76 (Tex. Crim. App.1989).



>


DISCUSSION AND HOLDINGS

 Mireles contends in a single point of error that the evidence was not admissible
because it was obtained from an illegal warrantless detention. See U.S. Const. amend. IV; Tex.
Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1998). While conceding
the legality of the officer's detention for a traffic offense observed by the officer, (1) Mireles argues
the officer's authority to detain him ended when the officer determined Mireles was not intoxicated
and the offic