Affirmed and Memorandum Opinion filed June 24, 2008








Affirmed and Memorandum Opinion filed June 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00847-CR

 

JAMES R. CLOUD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1100187

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

James R. Cloud appeals his conviction
for driving while intoxicated, asserting that (1) the evidence was factually
insufficient to prove appellant committed the offense of driving while
intoxicated; and (2) the trial court erred in denying appellant=s motion for a mistrial after the
State played an arrest video for the jury referencing appellant=s 13 prior arrests.  We affirm.

 

 

 








Background

Appellant was driving a truck on
Interstate Highway 10 on January 13, 2007, when he passed Officer Charles
Beckworth. Officer Beckworth testified that he had detained another driver for
a traffic violation and was exiting his vehicle when appellant Acame by me in his truck and almost
hit me.  I had to lean up against the patrol car.@  

Officer Beckworth finished writing
the citation, pursued appellant, and pulled him over.  When he approached the
driver=s side window of appellant=s truck, he smelled alcohol and saw
that appellant had red eyes and flushed skin.  Officer Beckworth asked
appellant to exit the vehicle, and when appellant did so he appeared unsteady. 
Officer Beckworth testified that appellant=s speech was slurred.  Officer
Beckworth told appellant to spit out his chewing gum, and when appellant did
so, Officer Beckworth smelled alcohol on his breath.  Officer Beckworth also
testified that appellant tore off the bracelet he was wearing, which appeared
to be a paper bracelet allowing admission to a bar or nightclub.  Appellant
stated he had come from the Katy Mills Mall.  Officer Beckworth testified that
there was only one place open at that hour at the Katy Mills Mall, a nightclub
called Midnight Rodeo.  Appellant refused to perform any field sobriety tests
at the site of the stop.   Appellant later refused to take a breathalyzer test.

Appellant pleaded not guilty.  The
State offered the videotape of the arrest as State=s Exhibit 1.  Appellant objected to
two portions of the videotape.  In the first portion, Officer Beckworth is
talking to the dispatcher; in the second, he is talking to a district
attorney.  In both portions, appellant=s 13 prior arrests are mentioned. 
Appellant stipulated to two prior convictions for driving while intoxicated. 
Appellant was convicted by a jury, sentenced to six years confinement in the
Texas Department of Criminal Justice, Institutional Division, and fined $4,000.


Appellant timely filed this appeal.








Analysis

Factual Sufficiency

In reviewing factual sufficiency of
the evidence, we view all of the evidence in a neutral light to determine
whether (1) the evidence in support of the jury=s verdict, although legally
sufficient, is nevertheless so weak that the jury=s verdict seems clearly wrong and
unjust; and (2) in considering conflicting evidence, the jury=s verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Watson v. State, 204 S.W.3d 404, 414‑17 (Tex. Crim.
App. 2006).  We consider all the evidence; we do not intrude upon the jury=s role of assigning credibility and
weight to the evidence.  Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003) (en banc).

Under the law applicable in this
case, a person commits the offense of driving while intoxicated if (1) a person (2) drove
or operated a vehicle (3) in a public place (4) while intoxicated. Tex. Penal Code Ann. ' 49.04 (Vernon 2003).

The arresting officer=s testimony is sufficient to prove
intoxication if his testimony is founded on observations including slurred
speech, bloodshot eyes, the odor of alcohol on the person or on the breath, and
unsteady balance or a staggered gait.  See Cotton v. State, 686 S.W.2d
140, 142-43 (Tex. Crim. App. 1985) (experienced arresting officer=s opinion that a
driver was intoxicated was sufficient to establish intoxication when these
elements were observed);
Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d) (AThe testimony of a
police officer that an individual is intoxicated is probative evidence of
intoxication@); Dumas v. State, 812 S.W.2d 611, 615 (Tex. App.CDallas 1991, pet. ref=d) (uncorroborated testimony of
arresting officer sufficient to establish intoxication); Moreno v. State,
01-07-00109-CR, 01-07-00110-CR, 2008 WL 340381, at *3 (Tex. App.CHouston [1st Dist.] Feb. 7, 2008,
pet. ref=d) (officer=s testimony sufficient to support
conviction in absence of video tape and no performance of field sobriety
tests).  

 








Additionally, appellant refused to
perform field sobriety tests and refused to take a breath test.  Both refusals
may be used as evidence of guilt.  See Tex. Transp. Code Ann. ' 724.061 (Vernon 1999); Finley v.
State, 809 S.W.2d 909, 913 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d); see also Barraza v. State,
733 S.W.2d 379, 381 (Tex. App.CCorpus Christi 1987) aff=d, 790 S.W.2d 654 (Tex. Crim. App. 1990) (there is no
significant difference between a refusal to take a field sobriety test and a
refusal to perform a breathalyzer test).  Officer Beckworth testified that
appellant told him, A[D]on=t even ask, [I=m] not going to do it@ when asked to take the field tests.

The jury was free to believe Officer
Beckworth=s testimony and consider appellant=s refusal to take field sobriety
tests.  Therefore, the evidence is factually sufficient to establish that
appellant was intoxicated.

Appellant=s first issue is overruled.

Mistrial

A mistrial is appropriate only for Ahighly prejudicial and incurable
errors.@  Wood v. State, 18 S.W.3d
642, 648 (Tex. Crim. App. 2000).   It is a mechanism to end a proceeding when the trial court faces
prejudicial error that makes continuance wasteful and futile.  Id.  A
trial court=s denial of a motion for mistrial is reviewed for abuse of discretion.  Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc); Wood,
18 S.W.3d at 648.  When an appellant is not contesting the trial court=s ruling on his
objection, but rather the denial of a new trial, the mistrial should be upheld unless it is outside
the zone of reasonable disagreement.   Archie v. State,  221 S.W.3d 695,
699 (Tex. Crim. App. 2007).








AA mistrial is only required when the
improper evidence is >clearly calculated to inflame the minds of
the jury and is of such a character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jury.=@  Hinojosa v. State, 4 S.W.3d
240, 253 (Tex. Crim. App. 1999) (quoting Gonzalez v. State, 685 S.W.2d
47, 49 (Tex. Crim. App. 1985)).  In analyzing whether the prejudicial event is
so harmful that the case must be retried, we consider (1) the prejudicial effect;
(2) the curative measures taken; and (3) the certainty of conviction absent the
prejudicial event.  See Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim.
App. 1998) (en banc); see also Hawkins, 135 S.W.3d at 77 (adopting Mosley
factors to evaluate whether the trial court abused its discretion in
denying a mistrial for improper argument); Austin v. State, 222 S.W.3d
801, 815 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d), cert. denied, 128 S. Ct.
1230 (2008) (applying the elements set forth in Mosley).  In most cases,
Aa prompt instruction to disregard
will cure error associated with an improper question or answer, even one
regarding extraneous offenses.@  Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App.
2000) (en banc).  AOf course, the harm analysis is conducted in light of the
curative instruction.  Only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required.@  Hawkins v. State, 135 S.W.3d
at 77.  If the court has given an instruction to the jury to disregard this
improper evidence, there is a presumption that the jury has followed the
instruction.  Thrift v. State 176 S.W. 3d 221, 224 (Tex. Crim.
App. 2005).  In determining whether the erroneous evidence mandates a new
trial, we look at the facts and circumstances of the case to see if the trial
court=s instruction cured the admission.  Ladd
v. State, 3 S.W. 3d 547, 567 (Tex. Crim. App. 1999).

Appellant contends that he was
prejudiced when the State played the video recording of the arrest.  The
parties had agreed before the video was played to turn down the volume at two
distinct times to prevent the jury from hearing portions of Officer Beckworth=s discussions with the dispatcher and
the district attorney.  Appellant contends that the volume was not turned down
quickly enough during Officer Beckworth=s discussion with the district
attorney, allowing at least part of the phrase Aarrested 13 times@ to be heard by the jury.  The
parties agreed that there was difficulty in using the video equipment, and that
any error in controlling the volume was not intentional. 

The jury was excused and a brief
consultation ensued.  While the trial court stated that it only heard A13,@ it nonetheless sustained appellant=s objection to the admission of the
evidence and instructed the jury as follows:








Please be seated, ladies and gentlemen.  Before we
resume, I need to give you an instruction that with regard to the videotape
that was just played for you, if you heard any mention about the defendant
having prior contact with the police, I am ordering you to disregard it.  Don=t consider it for any purpose, and so do not use it as
evidence against defendant.  If it was admitted, it was admitted in error, so
do not use it as evidence against him whatsoever.  Thank you.

 

The fact that appellant already had
been arrested and convicted twice was before the  jury as part of the State=s case to establish jurisdiction in
felony court.  These convictions were stipulated, however, so as to preclude
admission of evidence regarding appellant=s criminal history.  Appellant
contends that because the jury heard about 13 previous arrests, the trial court
abused its discretion in denying a mistrial.  Appellant relies on two cases for
this proposition. See Robles v. State, 85 S.W.3d 211, 212 (Tex. Crim.
App. 2002); Tamez v. State, 11 S.W.3d 198, 199-200 (Tex. Crim. App.
2000). 

Both cases are distinguishable.  The
evidence of prior convictions in Tamez and Robles was admitted
over objection, leading to a jury conviction in Tamez and a guilty plea
in Robles.  In both cases, the Court of Criminal Appeals found the
previous DWI convictions were admitted in error; accordingly the convictions
were reversed.  Robles, 85 S.W.3d at 214 (affirming appellate court
reversal and remand); Tamez, 11 S.W.3d at 201 (reversing and remanding
appellate court affirmance).  In this case, the trial court sustained the
objection to the evidence of previous arrests and instructed the jury to
disregard any such evidence even though it was not clear that the jury had in
fact heard the full statement about 13 prior arrests.

 If the jury did hear that appellant
had been arrested 13 times, this is clearly inadmissible evidence.  See
Robles, 85 S.W.3d at 212 (when the requisite number of previous convictions
is stipulated to, evidence of prior convictions is inadmissible).  However,
because the trial court sustained the objection and instructed the jury to
disregard the erroneous admission of evidence, we apply the Mosley
factors.  Mosley, 983 S.W.2d at 259. 








The degree of prejudice is uncertain
at best because it is not clear that the jury heard the statement regarding 13
prior arrests.  Even assuming the jury heard prejudicial evidence about prior
arrests, the trial court sustained appellant=s objection and ordered the jury not
to consider it in any way.  Such an instruction by the trial court is presumed
to cure any error created by the admission of the statement.  See Ovalle,
13 S.W.3d at 783-784; Russell v. State, No. 2-05-346-CR, 2006 WL
2925126, at *7 (Tex. App.CFort Worth Oct. 12, 2006, no pet.) (Aunmuted videotape
comments concerning a defendant=s criminal history constitute the type of
error that may be cured by an instruction to disregard@).  Both the first and second Mosley
elements addressing prejudicial effect and curative measures weigh in favor
of the State.

Turning to the third Mosley
element, there was sufficient evidence to establish that appellant would have
been convicted without the erroneously admitted evidence having been heard by
the jury.  Officer Beckworth testified that he smelled alcohol when he
initially approached appellant=s driver=s side window and smelled it on appellant=s breath when he was removed from the
car.  He testified that appellant had red eyes and flushed skin.  Officer
Beckworth testified that appellant appeared unsteady as he exited the car; his
speech was slurred; he tore off the admittance bracelet he was wearing; he
refused to do any field sobriety tests at the site of the stop; and he later
refused to take a breathalyzer test.  The refusal to take sobriety tests and to
take a breathalyzer test  may be used as evidence of guilt.  See Tex.
Transp. Code Ann. ' 724.061; Finley v. State, 809 S.W.2d 909, 913 (Tex.
App.CHouston [14th Dist.] 1991, pet. ref=d); see also Barraza v. State,
733 S.W.2d at 381. Under these circumstances, the third Mosley element
weighs in the State=s favor given the certainty of conviction even absent the
prejudicial event.

The trial court acted within its
discretion in denying a mistrial.  

Appellant=s second issue is overruled.

 

 








Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed June 24, 2008.

Panel consists of Chief Justice
Hedges, Justice Boyce, and Senior Justice Price.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









*           Senior
Justice Frank C. Price sitting by assignment.