**Affirmed and Memorandum Opinion filed June 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00556-CR

### COLLIN TERRELL LOVETT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Cause No. 188056**

## MEMORANDUM OPINION

Appellant Collin Terrell Lovett appeals his conviction of driving while intoxicated, challenging the sufficiency of the evidence to support his conviction and asserting that he received ineffective assistance of counsel. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with the misdemeanor offense of driving while intoxicated, to which he pleaded "not guilty." At trial, the arresting officer

testified that he was on patrol one evening and observed appellant's vehicle traveling at a high rate of speed with a defective taillight. The officer estimated that the vehicle was travelling 45 miles-per-hour in a zone with posted speed limits of 35 miles-per-hour. The officer followed the vehicle through several intersections; at one point, the officer estimated that appellant exceeded the posted speed limit by 10 to 15 miles-per-hour. The officer followed the vehicle for roughly six miles before activating his emergency lights to initiate a traffic stop.

After the driver's vehicle pulled into a nearby parking lot, the officer made contact with appellant, the driver, and detected the strong odor of alcohol on appellant's breath. The officer also observed that appellant had bloodshot eyes and slurred speech. Appellant admitted that he had consumed an alcoholic beverage. Appellant was unable to give the correct time of evening. Appellant exited the vehicle at the officer's request; appellant was unsteady on his feet and stumbled.

The officer administered a horizontal-gaze nystagmus (HGN) field-sobriety test on appellant and concluded that appellant exhibited six clues of intoxication. The officer also attempted to administer a walk-and-turn field sobriety test and had explained the instructions for the test to appellant. Appellant expressed a desire to walk along a painted yellow line in the parking lot instead of walking along an imaginary line as the officer instructed. Appellant also expressed a desire to record the test with his cell phone and removed the phone from his pocket to film the test. Appellant refused the officer's instructions to put his phone away to perform the test. The officer characterized appellant's demeanor as belligerent. The officer placed appellant under arrest, believing appellant to be intoxicated based on appellant's demeanor, bloodshot eyes, slurred speech, unsteadiness, and the odor of alcohol on appellant's breath.

Although appellant was asked to consent to a blood sample both at the scene

2

and upon his arrival at the city jail, he refused to give consent both times. He additionally refused to perform any other field-sobriety tests.

The officer admitted, after reviewing a video of the traffic stop on cross-examination, that the video appeared to show that the taillights of the vehicle were operative. The officer also admitted that appellant had informed him of a recent head injury, to which the officer acknowledged could affect appellant's performance on an HGN test. The officer, on cross-examination, also testified to the windy conditions on the night of the stop and the accuracy of an HGN test as being seventy-seven percent. The officer did not seek a search warrant to obtain appellant's blood test.

A jury found appellant guilty as charged. He was fined and sentenced to five days' confinement.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant asserts the evidence is insufficient to support his conviction because the State did not prove that appellant had lost the normal use of his mental and physical faculties. In evaluating a sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707

S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West 2012). The term "intoxicated" means (1) not having the normal use of mental and physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of those substances, or any substance into the body, or (2) having an alcohol concentration of 0.08 or more. *Id.* at § 49.01(2)(A)–(B) (West 2011). A conviction for the offense of driving while intoxicated may be supported solely by circumstantial evidence, which is as probative as direct evidence. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

Appellant points to the following nine factors that he claims tend to show that he had not lost the normal use of his mental and physical faculties:

- The taillights of appellant's vehicle were properly working;
- The officer's lengthy pursuit did not support probable cause for the stop;
- The officer failed to allow use of a yellow parking line for the walk-and-turn test;
- Appellant properly parked his vehicle;
- Appellant properly produced his driver's license and insurance;
- The windy conditions, his head injury, and "reduced accuracy" compromised the HGN test results;

4

- The officer failed to note in a report that appellant had bloodshot eyes and slurred speech;
- The officer actually arrested appellant for failing to cooperate; and
- The officer failed to obtain a blood-test search warrant.

Appellant provides no citation to legal authority in support of any of these points. *See* Tex. R. App. P. 38.1(i). Based on these points, appellant asks this court to re-evaluate the weight and credibility of the evidence, which this court will not do in a sufficiency analysis. *See Zill v. State*, 355 S.W.3d 778, 786 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To the degree that the noted factors turned on the officer's credibility, the finders of fact were entitled to believe or disbelieve, any, some, none, or all of the officer's testimony, weigh the testimony and evidence, and resolve any conflicts in the evidence. *See Fuentes*, 991 S.W.2d at 271; *Sharp*, 707 S.W.2d at 614; *Zill*, 355 S.W.3d at 787. The jury's resolution of conflicts against appellant does not render the evidence insufficient. *See Zill*, 355 S.W.3d at 787 & n.6 (rejecting argument that some facts showed accused was a "good" driver and not intoxicated because a sufficiency review considers all of the evidence the jury considered).

As a general rule, the testimony of a peace officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (reasoning that an officer's testimony that a person was intoxicated provided sufficient evidence to establish the element of intoxication); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The record contains evidence of the officer's belief that appellant was intoxicated because the officer detected the strong odor of alcohol emitting from appellant's breath and that appellant had bloodshot eyes, slurred speech, and was unsteady on his feet, all of which support a

5

finding of intoxication. *See Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001) ("Since the definition of 'intoxicated' includes 'not having the normal use of mental or physical faculties,' any sign of impairment in the appellant's ability to speak would be circumstantially relevant to whether he was legally intoxicated while driving."); *Cotton v. State*, 686 S.W.2d 140, 143 n.3 (Tex. Crim. App. 1985) (enumerating non-exhaustive list of signs of intoxication, including slurred speech, bloodshot eyes, the odor of alcohol, unsteady balance, and staggered gait). According to the officer, appellant displayed all six clues of intoxication on the HGN test. *See Zill*, 355 S.W.3d at 786. Appellant indicated to the officer that he had consumed an alcoholic beverage that evening. *See id.* Appellant refused to comply with the officer's directions to put the cell phone away and refused to perform the walk-and-turn test as instructed. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) (providing that inability to perform field-sobriety tests or follow directions logically raise an inference that the accused was intoxicated); *Zill*, 355 S.W.3d at 786. The record also reflects appellant's refusal to submit to a blood-alcohol test or to perform other field-sobriety tests after his arrest. An accused's refusal to submit to standard field-sobriety tests or submit to a blood-alcohol test is relevant evidence of intoxication. *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008); *Barraza v. State*, 733 S.W.2d 379, 381 (Tex. App.—Corpus Christi 1987), *aff'd*, 790 S.W.2d 654 (Tex. Crim. App. 1990) (holding that there is no significant difference between a refusal to take a field-sobriety test and a refusal to perform a breath test for evidentiary purposes). *See also* Tex. Transp. Code Ann. § 724.061 ("A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial."). Additionally, appellant's speeding is a factor the jury could have considered because speeding can indicate impaired

mental judgment. *See Zill*, 355 S.W.3d at 786.

Appellant contends that the video, which was admitted into evidence, rebuts or contradicts the officer's testimony because it reflects that the officer asked only once for a driver's license and to put away the cell phone and does not reflect that appellant stumbled. The video is not required to convict appellant because an officer's testimony, standing alone, can be sufficient to support the elements of intoxication. *See Annis*, 578 S.W.2d at 407; *Kiffe*, 361 S.W.3d at 108. Moreover, the video reflects appellant's refusal to comply with the officer's instructions to put his cell phone away and refusal to perform the walk-and-turn test, which supports the officer's testimony. *See Zill*, 355 S.W.3d at 788 (concluding that a jury could view a video and determine whether an accused's behavior appeared to be the result of intoxication).

Likewise, even though appellant complains that the officer did not include in his report that appellant had bloodshot eyes or slurred speech, the offense report is not required to convict appellant in light of the officer's testimony. *See Annis*, 578 S.W.2d at 407; *Kiffe*, 361 S.W.3d at 108; *Zill*, 355 S.W.3d at 877–88 (rejecting argument in a sufficiency review that officer failed to include facts in an offense report). Appellant also points to the officer's testimony of the windy conditions, the reliability of HGN tests, and information the officer learned about appellant's prior head injury as affecting the sufficiency of the evidence. These factors were but one portion of a larger body of evidence within the jury's province for consideration. *See Zill*, 355 S.W.3d at 787 (rejecting argument that behavior during a traffic stop was the result of a head injury and not intoxication). Even taking these arguments into consideration, the record contains sufficient evidence to support appellant's conviction. *See id.*

Viewing the evidence in the light most favorable to the jury's verdict, a

rational factfinder could have determined from the evidence that appellant committed the offense of driving while intoxicated by operating a motor vehicle in a public place while intoxicated.  *See* Tex. Penal Code Ann. § 49.04(a); *Zill*, 355 S.W.3d at 788 (concluding evidence was sufficient to support conviction for driving while intoxicated based on the following factors:  speeding, strong odor of alcohol, glassy eyes, slurred speech, having consumed alcoholic beverages earlier in evening, swaying, exhibiting six of six clues in an HGN test, failure to complete walk-and-turn test, failure to follow officer's instructions, and refusal to submit to a blood or breath sample).  We conclude the evidence is sufficient to support appellant's conviction.  *See id.*  Accordingly, we overrule appellant's first issue.

### INEFFECTIVE-ASSISTANCE-OF-COUNSEL ARGUMENT

In his second issue, appellant asserts that he was denied effective assistance of counsel because his trial counsel failed to file a motion to suppress evidence on the grounds that the officer lacked reasonable suspicion to stop appellant's vehicle. Appellant claims that because the officer's testimony was contradicted by the video, trial counsel had no sound trial strategy in failing to challenge the validity of the traffic stop.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West 2005).  This right necessarily includes the right to reasonably effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the

8

result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687–92; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex.Crim.App.2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Counsel is not required to engage in the filing of futile motions. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.). To show ineffective assistance for failing to file a motion to suppress, appellant first must show that a motion to suppress evidence, had one been filed, would have been granted. *See Jackson*, 973 S.W.2d at 957. As the movant, appellant would have been required to produce evidence that defeated the presumption of proper police conduct. *Id.*

The record reflects that the officer initiated the stop of appellant's vehicle on

two grounds: a defective taillight and excessive speed. An officer may stop and detain a person if the officer has reasonable suspicion that a traffic violation was in progress or had been committed. *Kelly v. State*, 331 S.W.3d 541, 549 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him reasonably to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Mount v. State*, 217 S.W.3d 716, 727–28 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Appellant asserts that the video contradicts the officer's testimony that appellant's vehicle had defective taillights. The officer testified that the taillight was defective as a result of a light bulb being out or an electrical "short" in the light's wiring. It is a violation of the law to operate a motor vehicle with equipment that does not comply with the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 547.004(a)(2) (West 2011). The Transportation Code specifies that a vehicle manufactured and assembled before 1960 must be equipped with at least one stoplamp mounted to the rear of the vehicle. Tex. Transp. Code Ann. § 547.323(b)–(d) (West 2011) (referring to "stoplamps" that "shall emit a red or amber light, or a color between red and amber, that is . . . displayed when the vehicle service brake is applied."). The officer agreed on cross-examination that, as reflected in the video, the taillight appeared to be operative. Proof of the actual commission of the offense is not a statutory prerequisite to support reasonable suspicion in order to overcome a motion to suppress. *See Valencia v. State*, 820 S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (rejecting argument that arrest was invalid for lack of probable cause because it was not certain whether accused actually committed all of the elements of a traffic offense).

10

Appellant also challenges the officer's testimony as failing to support an inference of speeding because appellant's speed was not captured on either the video or by radar equipment and because the officer followed appellant's vehicle for six miles before activating his emergency equipment. The record contains the officer's testimony that the deputy, himself, pursued appellant's vehicle at speeds 10 to 15 miles-per-hour over the posted speed limit before ultimately catching up with appellant's vehicle. Speeding is a violation of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 545.351(a) (West 2011). Driving at a speed in excess of the speed limit is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful. Tex. Transp. Code Ann. § 545.352(a) (West 2011). When a law-enforcement officer observes a vehicle and believes the vehicle to be traveling fifteen miles over the posted speed limit, a traffic stop is justified. *See Hesskew v. Tex. Dep't Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.) (concluding evidence was sufficient to show that accused violated a traffic regulation).

We presume that trial counsel exercised reasonable professional judgment in exercising a decision not to file a pretrial motion to suppress, and we do not speculate as to counsel's reason for that decision. *See Crawford v. State*, 355 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (involving an ineffective-assistance-of-counsel claim for failure to file a pretrial motion to suppress evidence related to officer's traffic stop). Appellant has not demonstrated that a motion to suppress would have been successful. Likewise, given that the officer's testimony supports reasonable suspicion for initiating the stop, appellant has not demonstrated that the outcome of trial probably would have been different had his trial counsel filed a motion to suppress. *See id.* We overrule appellant's second issue.

11

The trial court's judgment is affirmed.

/s/    Kem Thompson Frost
       Justice

Panel consists of Justices Frost, Christopher, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).