**Ronald CRAWFORD, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 01–10–00559–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 12, 2011.

Discretionary Review Refused Aug. 24, 2011.

Dustan O. Neyland, Humble, TX, for Appellant.

William J. Delmore III, Assistant District Attorney, Conroe, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION ON REHEARING

JANE BLAND, Justice.

Appellant Ronald Crawford has moved for rehearing and en banc consideration. We grant rehearing, withdraw our opinion and judgment of March 31, and issue the following in their stead. We dismiss as moot Crawford's motion for en banc consideration. Our disposition of the case remains unchanged.

Following a bench trial, the trial court found Crawford guilty of the third-degree felony offense of evading arrest or detention in a vehicle with a prior conviction for the same offense. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp.2010). The trial court assessed punishment at three years' imprisonment, probated for a period of three years, and a $1000 fine. Following his conviction, Crawford discharged his trial counsel and retained new counsel, who moved for a new trial based on a claim of ineffective assistance of trial counsel. The trial court denied the motion. On appeal, Crawford contends that his conviction should be reversed, claiming that (1) the evidence is legally insufficient to support his conviction, and (2) trial counsel violated his constitutional right to effective assistance by failing to (a) file a pretrial motion to suppress evidence resulting from his detention or (b) call Crawford's brother, a material witness, to testify on his behalf.

We hold that the evidence is sufficient to support Crawford's conviction and that Crawford fails to satisfy his burden to prove trial counsel was ineffective. We therefore affirm.

## Background

One late afternoon in September 2009, D. McGrew, a certified peace officer serving the Oak Ridge North Police Department, was stationed near the perimeter of a parking lot by the 1–45 feeder road in Montgomery County. Officer McGrew noticed that the front seat passenger in a vehicle passing on the feeder was looking intently at him. As the vehicle passed by, Officer McGrew saw the passenger move his head erratically and continue to look back at the patrol car. Officer McGrew entered the vehicle's license plate number into the patrol car's mobile data terminal (MDT). The MDT response identified the insurance company that issued the last policy covering the vehicle, gave the policy number, and showed that the policy had expired more than forty-five days before. Aware that a policy lapse of more than forty-five days constitutes a violation, Officer McGrew turned on his emergency lights, caught up to the car and motioned for the driver, later identified as Crawford, to pull over. The vehicle promptly came to a stop on the far right shoulder. Officer McGrew parked the patrol car behind the vehicle and began to get out when the stopped vehicle pulled away. Officer McGrew turned on his emergency lights again and followed the vehicle. At the same time, he called dispatch to inform them he had a vehicle fleeing from him.

Once the patrol car was within several feet of the fleeing vehicle, Officer McGrew used the PA system to order Crawford to

pull over. The driver did not comply and turned off of the feeder road onto a major thoroughfare. Officer McGrew turned on the siren and used the PA system again to direct Crawford to pull over. The driver continued to flee, so Officer McGrew positioned the patrol car to force the vehicle to stop. Crawford attempted an evasive maneuver, striking the patrol car with his vehicle. That attempt was unsuccessful, and the vehicle finally came to a stop.

Officer McGrew armed himself with his stun gun, approached the vehicle, and ordered Crawford to come out of the car. Crawford unlocked the door but remained in the car, so Officer McGrew opened the door and pulled him out. Officer McGrew located Crawford's proof of insurance in the glove compartment and, consistent with the information provided by the MDT, confirmed that the insurance had expired in August 2009.

## Discussion

### I. Evading arrest

#### A. Standard of review

Crawford contends that the evidence is insufficient to support his conviction for evading arrest. Evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *In re Winship*, 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App.2007). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record contains no evidence, or merely a "modi-

cum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 n. 11, 320, 99 S.Ct. at 2786, 2789 n. 11; *Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750. An appellate court presumes that the fact finder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *See Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App.2007). An appellate court may not re-evaluate the weight and credibility of the record evidence and thereby substitute its own judgment for that of the fact finder. *Williams*, 235 S.W.3d at 750.

"A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a); *Guillory v. State*, 99 S.W.3d 735, 741 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). Specifically, Crawford claims that no evidence supports the trial court's finding that Officer McGrew had a lawful reason to detain him.

#### B. Lawfulness of detention

 The State bears the burden to prove the lawfulness of the attempted detention. *Guillory*, 99 S.W.3d at 741. A detention for the purpose of investigating possible criminal behavior is lawful where the police officer can point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884–85, 20 L.Ed.2d 889 (1968), and *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim.App.2001)). We review de novo the legal question of whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion. *See*

*Madden v. State,* 242 S.W.3d 504, 517 (Tex.Crim.App.2007).

The evidence shows that, after observing that Crawford's passenger was moving his head erratically and looking toward the patrol car, Officer McGrew ran a computer check of the vehicle's license plate number. The MDT reported that the insurance policy covering the vehicle had lapsed. Officer McGrew acted on this information in initiating the stop.

Crawford contends that Officer McGrew could not reasonably rely on the insurance database currently used by enforcement to stop him for a lack of liability insurance. First, Crawford correctly points out that Texas law does not specifically require a person to purchase liability insurance. A person may establish the financial responsibility required to drive a vehicle by other methods, including filing a surety bond, making a deposit of cash or securities with the comptroller, or qualifying for and obtaining a certificate of self-insurance from the Department of Public Safety. *See* TEX. TRANSP. CODE ANN. §§ 601.051, 601.121, 161.122, 601.124 (West 1999). But, the mere fact that alternate methods exist to satisfy the Transportation Code's financial responsibility requirement does not render the stop unreasonable. *See Foster v. State,* 326 S.W.3d 609, 612–14 (Tex.Crim. App.2010) (holding that, among other circumstances, lurching motion of truck supported reasonable suspicion for stop despite plausibility of innocent explanation for truck's erratic movements). Officer McGrew could reasonably suspect from the fact that the vehicle previously had liability insurance coverage—by far the most common means of satisfying the financial responsibility requirement—that the policy's lapse meant that it no longer complied with the law.

Crawford relies on *Gonzalez–Gilando v. State,* 306 S.W.3d 893 (Tex.App.-Amarillo 2010, pet. ref'd), for the proposition that the MDT insurance database cannot support a finding of reasonable suspicion. *See id.* at 897. Gonzalez–Gilando, however, hinged on the fact that the computer database search result stated that the insurance information was "not available" or the status was "undocumented." *Id.* at 895. The officer who stopped the car testified that this led him to believe that the car did not have insurance coverage, but the State did not develop the evidence to demonstrate that the officer's belief was reasonable, such as what the database meant in reporting that insurance information was unavailable, explaining why such information would be unavailable, or otherwise illustrating the accuracy of the database. *Id.* at 896–97; *see also Contraras v. State,* 309 S.W.3d 168, 173 (Tex.App.-Amarillo 2010, pet. ref'd) (response of state's insurance verification program database that insurance information for vehicle was "unavailable" or "undocumented," in absence of explanation as to why response supported officer's belief that vehicle did not have insurance, did not support conclusion that officer had reasonable suspicion to stop vehicle for operating without insurance, particularly where officer admitted that terms could mean either that driver could have insurance or may not have insurance).

Here, in contrast, the database yielded specific information identifying the insurance policy covering the car, as well as revealing that it had lapsed more than a month before the stop and that Crawford, the car owner, had not confirmed the existence of liability insurance coverage during that period. In *United States v. Cortez–Galaviz,* 495 F.3d 1203 (10th Cir.2007), the federal appellate court held that the officer had reasonable cause to stop a vehicle and briefly detain its driver where the computer database report on the vehicle stated:

"INSURED/Not Found: AS OF /9/30/2005 Recommend request proof of insurance." *Id.* at 1204. The specificity of this information led the *Contraras* court to distinguish the facts in *Cortez–Galaviz* from those before it. Like the database search result in *Cortez–Galaviz,* the response in this case was not inconclusive or as likely to support a finding of compliance as it was of violation. Officer McGrew's reliance on the information obtained from the MDT search thus supports the trial court's finding that he lawfully attempted to arrest or detain Crawford. We hold that the evidence is sufficient to support Crawford's conviction for evading arrest under section 38.04.

## II. Ineffective assistance of counsel

### A. Standard of review

Crawford presented his ineffective assistance claim to the trial court in a motion for new trial. We therefore analyze the issue as a challenge to the denial of the motion for new trial. *Biagas v. State,* 177 S.W.3d 161, 170 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.; Wead v. State,* 129 S.W.3d 126, 129 (Tex.Crim.App. 2004). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. *Webb v. State,* 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); *Biagas,* 177 S.W.3d at 170. Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*

### B. Analysis

■ Crawford contends that he received ineffective assistance of counsel because his trial counsel failed to (1) file a pretrial motion to suppress evidence; and (2) call a material witness to testify at trial. To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of Strickland requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Thus, the defendant must prove objectively, by a preponderance of the evidence that his counsel's representation fell below professional standards. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App.2002). The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Thompson,* 9 S.W.3d at 812. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that the attorney's performance falls within the wide range of reasonable professional assistance or trial strategy. *Thompson,* 9 S.W.3d at 813. Furthermore, a claim of ineffective assistance must be firmly supported in the record. *Id.* (citing *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996)).

Here, Crawford moved for new trial on grounds of ineffective assistance, but did not call trial counsel as a witness. Where the record does not offer an explanation for trial counsel's actions, we presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Broussard*

*v. State,* 68 S.W.3d 197, 199 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Without testimony from trial counsel, we cannot meaningfully address trial counsel's strategic reasons for the actions that Crawford alleges constitute ineffective assistance. *See Davis v. State,* 930 S.W.2d 765, 769 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). Moreover, even if counsel's actions cannot be characterized as reasonable trial strategy, Crawford must satisfy the second prong of *Strickland,* that the outcome probably would have been different.

■ We presume that trial counsel exercised reasonable professional judgment in reaching his decision not to file a pretrial motion to suppress and may not speculate trial counsel's reason for that decision. *See Broussard v. State,* 68 S.W.3d 197, 199 & n. 2 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (en banc) (finding evidence insufficient to demonstrate counsel was ineffective for failing to file suppression motion based upon officers' unannounced entry). Our conclusion that Officer McGrew's reliance on the MDT response in stopping Crawford supports the trial court's finding of reasonable suspicion forecloses any showing that the trial's outcome probably would have been different if trial counsel had moved to suppress.

■ Crawford also complains about trial counsel's failure to call his brother, David Crawford, who was the passenger in the vehicle. To obtain relief on an ineffective assistance claim based on an uncalled witness, the defendant must show that the witness was available to testify and the testimony sought would have been of some benefit to his defense. *See Ex parte White,* 160 S.W.3d 46, 52 (Tex.Crim.App. 2004); *see also Pinkston v. State,* 744 S.W.2d 329, 332 (Tex.App.-Houston [1st Dist.] 1988, no pet.) ("An attorney's failure to investigate or present witnesses will be a basis for establishing ineffective assis-

tance of counsel only where it is shown that the witnesses would have been available and that the presentation of the evidence would have benefitted appellant.").

■ In his own testimony, Crawford stated that he and his brother discussed whether the officer was attempting to pull them over and where they might stop safely. Crawford does not identify any fact to which his brother would testify that the trial court had not heard from another witness, nor does he explain how his brother's cumulative testimony would have benefitted his defense. Crawford did not bear his burden to show that trial counsel's failure to call David Crawford cannot be characterized as reasonable trial strategy. Consequently, the trial court did not abuse its discretion in denying Crawford's motion for new trial.

### Conclusion

We hold that the evidence is sufficient to support Crawford's conviction for evading arrest. We further hold that trial court did not abuse its discretion in denying Crawford's motion for new trial because Crawford failed to meet his evidentiary burden under *Strickland* and *Thompson.* We therefore affirm the judgment of the trial court.