**REVERSED and ACQUITTED; and Opinion Filed May 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00889-CR

### ISAAC JOHN RUSSELL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-81954-2013**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

A jury convicted appellant Isaac John Russell of evading arrest and sentenced him to 270 days in county jail. He raises four issues on appeal: (1) the evidence was insufficient to establish reasonable suspicion to detain him; (2) the evidence was insufficient to establish he knowingly fled from a peace officer; (3) the trial court abused its discretion by admitting extraneous offenses; and (4) his counsel was ineffective by failing to file a sworn application for probation. We conclude appellant's first issue is dispositive of this appeal. We reverse the conviction and render judgment of acquittal.

## Background

The following facts are based on the exclusive trial testimony of Officer Stephen Hayslip and his interactions with appellant from 2011 to 2013.[1] In November or December of 2011, Officer Hayslip first came into contact with appellant. Officer Hayslip pulled appellant over for a traffic violation. Because appellant and his passengers acted nervously, Officer Hayslip asked to search the car, but appellant refused. A K-9 unit conducted an open-air search of the car and alerted to possible narcotics. Upon further search of the car, no drugs were found.

Officer Hayslip later learned that appellant had been arrested for methamphetamine possession in Collin County, and appellant had an outstanding arrest warrant in Hopkins County. On March 18, 2012, Officer Hayslip initiated a traffic stop of a vehicle in which appellant was a passenger. Officer Hayslip arrested appellant based on the confirmed outstanding warrant for possession of a controlled substance from Hopkins County.

Appellant made bond on his Hopkins County arrest; however, Officer Hayslip testified a person from the bail bonds company told him "they were going to forfeit his bond because he was not keeping to the agreement for what they set forth for his bond. And so, he told me there was a -- there was an active warrant and had a copy of the warrant." Officer Hayslip said from that point forward he was "on the lookout" for appellant. The record does not indicate when Officer Hayslip received this information from the bonds company.

On November 27, 2012, Officer Hayslip thought appellant might be a passenger in a car he recognized as belonging to appellant's wife. Officer Hayslip testified he conducted a warrant check and confirmed appellant's outstanding warrant in Hopkins County. Appellant, however, was not in the car.

---

[1] Officer Hayslip was the only witness to testify during appellant's trial.

Officer Hayslip's next encounter with appellant occurred on January 23, 2013, which is the encounter subject to this appeal. Around 7 a.m., Officer Hayslip was driving down State Highway 78 when he recognized what he thought was appellant's wife's car. He made a U-turn and followed the car to an Exxon station. He ran the license plate and confirmed the car belonged to appellant's wife. He testified that "at this point, I'm still believing he has a warrant for his arrest." However, he admitted the last time he checked for an active warrant was November 27, 2012, almost two months earlier.

Appellant's wife went inside the store, and at this point, Officer Hayslip had not identified appellant as the passenger in the car. Officer Hayslip drove by the vehicle slowly. As Officer Hayslip drove by, he saw appellant in the passenger seat. Appellant did not make any attempt to get out of his car until after Officer Hayslip passed. Officer Hayslip testified as follows:

> As I drove by, I was looking in my mirror, and I could see he was attempting to exit the vehicle. . . . Because of the fact that he was getting out of the vehicle, and under my belief that he had a warrant for his arrest, I immediately turned my vehicle around because I believed that he was fleeing. So as I turned my vehicle around and faced the vehicle, I immediately opened up my door. And as I'm exiting my vehicle, I make several loud verbal commands for him to stop.

Despite his verbal commands to stop, appellant kept walking towards the gas station entrance. Officer Hayslip reiterated he thought appellant had an outstanding warrant for his arrest, and appellant was trying to get away from him.

Officer Hayslip then ran to the side door, entered the gas station, and again yelled for appellant to stop. Rather than stop, appellant began to "pick up his pace very heavily towards the bathroom." When appellant got to the bathroom, he grabbed the door with both hands and tried to keep Officer Hayslip out. Officer Hayslip forced his way inside, and he immediately noticed both of appellant's hands in his jacket pockets. Concerned that appellant might have a

weapon, Officer Hayslip pulled his service weapon. While trying to reach for appellant's hands and control his wife, who was trying to enter the bathroom, a struggle ensued and Officer Hayslip's weapon accidentally discharged. No one was injured.

Officer Hayslip eventually handcuffed appellant and escorted him out of the store. Officer Hayslip searched appellant's wife and recovered a pair of gloves, a methamphetamine pipe, and a lighter. However, she pulled these items from appellant's jacket during the bathroom struggle. When Officer Hayslip searched appellant, he found a bag of methamphetamine.

At this point, Officer Hayslip said his purpose in detaining appellant "was to initiate the warrant check to confirm that the warrant was still active." He testified he was not able to access the needed information to run the check prior to making contact with appellant. He explained the police department recently received updated software for the patrol cars and rather than typing in a person's first and last name to retrieve an outstanding warrant list, the new system required a date of birth, which he did not know for appellant. He specifically testified:

> At the time of the new update, they changed the way that we did it.
> And so I was not aware at that time of how they had changed that
> for us to be able to do name and date of birth. So I did not have - -
> I did not have his date of birth at that time with me, so I could not
> run that in the car at that time.

Not until he placed appellant in the back of his vehicle and obtained his birth date did he run a warrant check and discover appellant had no active warrants. This surprised him "very much."

The State charged appellant with evading arrest or detention. The jury found appellant guilty and sentenced him to 270 days in county jail.

**Reasonable Suspicion to Detain Appellant**

In his first issue, appellant argues the evidence is legally insufficient to establish Officer Hayslip's reasonable suspicion to "lawfully detain" him, as required to support a conviction for evading arrest or detention. Evidence is insufficient to support a conviction if, considering all

–4–

the evidence in the light most favorable to the verdict, no rational jury could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We presume the fact-finder resolved any conflicts in favor of the verdict, and we may not reevaluate the weight and credibility of evidence and substitute our judgment for the jury. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

A person commits the offense of evading arrest or detention if "he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2013). The State bears the burden to prove the lawfulness of the attempted detention. *Crawford v. State*, 355 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A detention for the purpose of investigating possible criminal behavior is lawful where the police officer can point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Id*.; *see also Terry v. Ohio*, 392 U.S. 1, 30 (1968). The facts must amount to more than a mere hunch, a guess, or a vague suspicion. *Canalas v. State*, 221 S.W.3d 194, 199 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We review de novo the legal question of whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion to detain a person. *Crawford*, 355 S.W.3d at 196.

Appellant argues Officer Hayslip did not have reasonable suspicion to detain him because he failed to confirm the outstanding warrant, and there was nothing suspicious about his behavior at the gas station prior to Officer Hayslip exiting his patrol car. The State responds Officer Hayslip's knowledge of appellant's criminal history, coupled with the fact that appellant "began to flee as soon as he saw [Officer] Hayslip," indicated criminal activity. The State further contends Officer Hayslip reasonably relied on "recent confirmation of Appellant's warrant." We cannot agree with the State.

Although the State spends most of its time arguing that Officer Hayslip's prior knowledge of appellant's criminal history and appellant's behavior *after* exiting the car supported reasonable suspicion to detain, our analysis begins with Officer Hayslip's repeated reason for trying to detain appellant in the first place: his belief appellant had an outstanding warrant in Hopkins County.

We agree with the State that an arrest is not invalid merely because an officer relies on reasonably trustworthy information that later proves to be erroneous. *See Brown v. State*, 986 S.W.2d 50, 53 (Tex. App.—Dallas 1999, no pet). In fact, a whole body of Fourth Amendment case law has developed through the years regarding whether the good-faith exception to the exclusionary rule applies in such situations. *See, e.g., Arizona v. Evans*, 514 U.S. 1 (1995). However, those cases involve review of a motion to suppress and an officer who usually first detained the defendant, then conducted a warrant check, and only later found out the warrant had been resolved and remained in the system because of some clerical error. *Id*.; *see also Nunnally v. State*, No. 11-03-00237-CR, 2004 WL 292051 (Tex. App.—Eastland Feb. 12, 2004, pet. ref'd). *But see People v. Morgan*, 901 N.E.2d 1049 (Ill. App. Ct. 2009) (concluding good faith exception did not apply when officers knew they were relying on a three-day old warrant list and made no attempt to verify the defendant's alleged warrant before approaching his residence). Neither circumstance is present here.

Neither side has provided any specific case law to support or negate whether Officer Hayslip's reliance on two-month-old warrant information was reasonable and in good faith. Rather, both merely rely on the general principle of whether "the totality of the circumstances is sufficient to support an officer's reasonable suspicion" to detain.

Although not cited by either party and raised in the context of whether the good faith exception to the exclusionary rule applied, our research finds *People v. Morgan*, 901 N.E.2d

1049 (Ill. App. Ct. 2009) instructive. In that case, the trial court granted defendant's motion to suppress based on defendant's claims that an arrest warrant was invalid, and the officers had no other valid, lawful reason to enter his home. *Id*. at 1051. Officers testified at the motion to suppress hearing that they typically obtained a current warrant list the same day as their visit to the police department. *Id*. at 1060. However, they admitted to relying on a three-day-old warrant list and making not attempts to verify the continued existence of defendant's warrant before approaching his home. *Id*. at 1061. Had they tried to verify defendant's warrant, they would have learned it was inactive. *Id*. The appellate court concluded, "The reliance on the old warrant list and the failure to check on the continued validity of the warrant constituted, at the very least, gross negligence, if not reckless or wilful conduct," which negated the State's reliance on the good-faith exception to the exclusionary rule. *Id*. The court further acknowledged the following:

> This would be an entirely different case had the officers obtained the current warrant list that contained defendant's name and executed it without verifying the warrant. It also would have been a different case if the officers had obtained the up-to-three-day-old list, called to verify it, and been told that the warrant was valid. . . . However, those are not the facts here.

*Id*. The court noted this was the type of "reckless disregard" the Supreme Court would believe justified excluding evidence. *Id*. at 1062. Thus, the court upheld the trial court's judgment.

Based on the facts of this case, we cannot agree with the State that Officer Hayslip "relied on recent confirmation of Appellant's warrant, and therefore had reasonable suspicion to arrest or detain Appellant." Two months passed between the time Officer Hayslip conducted his last warrant check and he followed appellant to the gas station. We do not consider this gap in time "recent confirmation." Officer Hayslip testified that prior to November 27, 2012 he routinely checked the status of appellant's warrant but then stopped when the computer system received a software update. He said he "was not aware at that time of how they had changed that

for us to be able to do name and date of birth." He provided no explanation for why he did not attempt to find appellant's birth date through other means so he could check the warrant list.

Moreover, we find his testimony that he believed he had reasonable suspicion to detain appellant based on the Hopkins County arrest warrant; however, he also wanted to detain appellant to get his birth date to confirm the warrant a circular argument. The law required Officer Hayslip to first have reasonable suspicion to detain appellant. He could not stop appellant in hopes of obtaining information that would then amount to reasonable suspicion.

The only articulable reason he gave for trying to detain appellant was his two-month-old belief that appellant had an outstanding warrant. Given that the court in *People v. Morgan* determined officers acted unreasonably by relying on a three-day-old warrant list, we likewise cannot conclude Officer Hayslip acted reasonably in relying on two-month-old information. We acknowledge that unlike the officers in *Morgan*, Officer Hayslip provided an explanation for his failure to conduct a more recent warrant check. However, we are unpersuaded by his attempts to excuse his failure because of new computer software requiring a person's birth date. Based on Officer Hayslip's prior dealings with appellant and appellant's previous interactions with law enforcement, we are hard-pressed to believe Officer Hayslip could not obtain this information from some other source besides appellant.

As such, we conclude Officer Hayslip's reliance on two-month-old information was not a specific, articulable fact that could reasonably lead him to believe appellant had been, or soon would be, engaged in criminal activity. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Brannock v. State*, No. 05-13-00719-CR, 2014 WL 1759125, at *2 (Tex. App.—Dallas Apr. 30, 2014, no pet.) (mem. op., not designated for publication). Rather, Officer Hayslip's belief was nothing more than a mere hunch, a guess, or a vague suspicion. *Canalas*, 221 S.W.3d at 199.

Moreover, even if we excused Officer Hayslip's failure to check appellant's outstanding warrant, the State still failed to produce evidence that would reasonably lead Officer Hayslip to believe appellant had been, or soon would be, engaged in criminal activity. He testified he observed a headlight that was not working on the wife's car, but he admitted this was not the reason he followed the car to the Exxon station. While he could have initiated a traffic stop based on this violation of the transportation code, the violation could not support reasonable suspicion of appellant's involvement with any criminal activity because he was not driving the car and Officer Hayslip had yet to identify appellant as the passenger in the car.

Once at the gas station, appellant sat in the car and did not do anything until after Officer Hayslip drove by him. After he drove by, appellant got out of the car and walked towards the gas station. Officer Hayslip did not say appellant ran. In fact, he repeatedly testified that appellant was walking and "kept walking" towards the bathroom after he commanded him to stop. There is simply nothing criminal about a person getting out of a car and walking into a gas station after an officer drives by. *See, e.g., Gurrola v. State*, 877 S.W.2d 300, 302–03 (Tex. Crim. App. 1994) (noting a person has a constitutional right to walk away from an officer without such action creating reasonable suspicion in the mind of the officer that criminal activity was afoot). Thus, Officer Hayslip did not testify to any specific, articulable facts that could reasonably lead him to believe appellant had been, or soon would be, engaged in criminal activity. *See Ford*, 158 S.W.3d at 492

Because Officer Hayslip did not have reasonable suspicion to approach appellant in the first place, the State failed to prove the second element of evading arrest or detention: that a peace officer was attempting lawfully to detain him. *See* TEX. PENAL CODE ANN. § 38.04(a). Thus, we conclude the evidence is legally insufficient to support appellant's conviction. We

sustain appellant's first issue. Because this issue is dispositive of the appeal, we need not address appellant's remaining issues. TEX. R. APP. P. 47.1.

## Conclusion

Having found the evidence legally insufficient to support an element of the offense of evading arrest or detention, we reverse appellant's conviction and render judgment of acquittal. *See Benavidez v. State*, 323 S.W.3d 179, 181 (Tex. Crim. App. 2010).

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130889F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISAAC JOHN RUSSELL, Appellant

No. 05-13-00889-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-81954-2013.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 28th day of May, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE