01-15-00140-C
FIRST COURT OF APPE/
HOUSTON, TEX
3/11/2015 4:10:51 F
CHRISTOPHER PF
CLEF

NO. 01-15-00140-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
MAR 11, 2015
CHRISTOPHER A. PRINE,
CLERK

IN THE

COURT OF APPEALS

FOR THE

FIRST JUDICIAL DISTRICT OF TEXAS

HOUSTON, TEXAS

BRAYAN JOSUE OLIVA-ARITA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law #1
Galveston County, Texas
Trial Court Case No. MD-0342858

BRIEF FOR APPELLANT

Salvador Faus
Torres and Faus Law Firm
1009 44th Street
Galveston, Texas 77550
(409) 763-2978
(409) 763-3424 (fax)
salfaus@gmail.com
SBN: 00785854
ATTORNEY FOR APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant waives oral argument.


## IDENTITY OF PARTIES AND COUNSEL

Parties and counsel in this case are as follows:

1. BRAYAN JOSUE OLIVA-ARITA, appellant, represented at trial by Salvador Faus, 1009 44th Street, Galveston, Texas 77550 and represented on appeal by Salvador Faus, 1009 44th Street, Galveston, Texas 77550.


2. The State of Texas, appellee, represented at trial by Lindsay Richards, Assistant District Attorney, and on appeal by Rebecca Klaren, Criminal District Attorney for Galveston County, Texas, 600 59th Street, Galveston, Texas 77551.

# CITATION TO THE RECORD

Clerk's Record       .........................................C.R. (page)

Reporter's Record   .........................................R.R. (page)

# TABLE OF CONTENTS

Page

Index of Authorities ........................................................................ iv-v

Statement of the Case ..................................................................... 1

Issues Presented ............................................................................. 1-2

Statement of Facts .......................................................................... 2-4

Summary of Argument for Issue Number One........................... 5

Argument in Support of Appellant's Issue Number One.................. 5-7

Summary of Argument for Issue Number Two........................... 7

Argument in Support of Appellant's Issue Number Two............... 8-11

Conclusion and Prayer .................................................................... 11

Certificate of Service ..................................................................... 12

# INDEX OF AUTHORITIES

| CASES | PAGE |
|---|---|

*Contraras v. State*, 309 S.W.3d 168

(Tex.App.- Amarillo 2010, pet. ref'd)................................. 6, 10

*Crawford v. State*, 355 S.W.3d 193

(Tex.App.-Houston [1st Dist.] 2011, pet. ref'd)........................... 9

*Davis v. State*, 947 S.W.2d 240, 287 (Tex.Crim.App. 2008)...... 5

*Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005)............. 8

*Gonzalez-Gilando v. State*, 306 S.W.3d 893

(Tex.App.-Amarillo 2010, pet. ref'd)................................... 6, 10

*Johnson v. State*, 2012 WL 698894(Tex. App.Houston [14th Dist.]

Nos. 14-10-00941-CR, 14-10-00942-CR, March 6, 2012) (Unpublished)... 6

*Klare v. State*, 76 S.W.3d 68, 72 (Tex.App.Houston [14th Dist.]

2002, pet. ref'd) ........................................................ 5

*State v. Sheppard*, 271 S.W.3d 281, 287 (Tex.Crim.App. 2008)...... 5

*Short v. State*, 2011 WL 3505611 (Tex. App.Beaumont

No. 09-10-00489-CR, August 10, 2011) (Unpublished).................. 8, 9

*State v. Daniel*, 446 S.W.3d 809 (Tex.App.-San Antonio

2014, no pet.)............................................................. 10

iv

<u>CASES</u>                                                      <u>PAGE</u>

*Tellez v. State*, 2011 WL 3925627 (Tex. App. Beaumont No.

09-10-00348-CR, August 24, 2011) (Unpublished)......................      9

<u>STATUTES</u>

Texas Transportation Code Section 601.053 (a) (1-7) ...................     3

TEX. TRANSP. CODE ANN. §601.061 (Vernon 1999)....................     6

<u>CONSTITUTIONS</u>

Fourth Amendment - United States Constitution........................     2

Article 1 §9 of the Texas Constitution......................................     2

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, BRAYAN JOSUE OLIVA-ARITA, hereinafter referred to as "Appellant," and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure and would respectfully show as follows:

## STATEMENT OF THE CASE

Appellant was charged by information and complaint with the offense of Driving While Intoxicated (C.R. 7, 8)

On December 29, 2014, a hearing on a motion to suppress was held which was denied. (R.R. 1,39). On January 2, 2015, Appellant pleaded Nolo Contendere to the charge and a plea bargain was reached where appellant's punishment was assessed at three (3) days County Jail and a $500.00 fine. (C.R., 53-54). The trial court certified Appellant's right to appeal the denial of the motion to suppress. (C.R. 52).

## ISSUES PRESENTED

The trial court abused its discretion in denying appellant's motion to suppress the evidence as follows:

1) The State of Texas failed to prove that the insurance database is a reliable informant in providing police officers with information regarding whether a vehicle has insurance; and

2) A notice of "unconfirmed" insurance, with no other specific information, is insufficient to establish reasonable suspicion or probable cause for search and seizure under the 4th Amendment of the United States Constitution and Article 1 §9 of the Texas Constitution.

## STATEMENT OF FACTS

Appellant was charged by information and complaint for the offense of Driving While Intoxicated alleged to have been committed on February 16, 2014 (C.R., 2, 3). Appellant filed a Motion to Suppress any and all evidence of intoxication based on the illegality of the initial traffic stop for unconfirmed insurance. The State of Texas stipulated that this case involves a warrantless arrest. (R.R. 5). Therefore, the burden is on the State to prove a legal basis for the stop of Appellant. Officer Jose Lobo, with the Friendswood Police Department, was on patrol on the night of February 16, 2014 when he performed a routine license plate check on a silver two-door Honda. (R.R. 7) Officer Lobo testified that the license plate check showed Appellant's vehicle to have unconfirmed insurance. (R.R. 8, 13)

2

Officer Lobo testified that this "typically" means that the vehicle has no insurance. (R.R. 8). Officer Lobo testified that the appellant advised that he had no insurance because he recently purchased the vehicle (R.R. 11, 12, 13). At that point, Officer Lobo conducted a Driving While Intoxicated investigation (R.R. 13). The DWI investigation culminated in Appellant's arrest for Driving While Intoxicated.

Officer Lobo testified that he does not know who administers the insurance database. (R.R. 14, 15) He does not know for what legislative purpose the insurance database was established. (R.R. 15) Officer Lobo does not know the rate of false positive information the insurance database generates; wherein the database relays information to a patrol officer that the subject vehicle has unconfirmed insurance, when in fact the vehicle is insured. (R.R. 16) Officer Lobo acknowledged that the insurance database is not always accurate. (R.R. 20) Officer Lobo estimated from his personal experience that the database revealing unconfirmed insurance was correct around 75 percent of the time. (R.R. 16, 17)

Officer Lobo testified he is not aware how long it takes the database to update a recent purchase of insurance. (R.R. 17, 22) Officer Lobo testified that he was not aware of the legal alternative means of obtaining motor vehicle insurance pursuant to Texas Transportation Code Section 601.053 (a) (1-7), such as a surety bond certificate, certificate of deposit with the comptroller, certificate of deposit with the

appropriate county judge, or a certificate of self-insurance. (R.R. 18-20) Officer Lobo testified he does not know if these alternative means of establishing motor vehicle insurance are input into the insurance database. (R.R. 19)

Officer Lobo testified that the when he checks a vehicle for insurance he receives one of three responses: 1. Confirmed; 2. Unconfirmed with accompanying information such as when the insurance expired, who was the insurance provider, and whether it has been expired more than 45 days; or 3. Unconfirmed. (R.R. 21, 22)

After hearing the evidence and argument the trial court denied Appellant's Motion to Suppress.

## SUMMARY OF ARGUMENT FOR ISSUE NUMBER ONE

1. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE.

Appellant pleaded nolo contendere to Driving While Intoxicated. The judge assessed appellant's punishment at assessed at three (3) days County Jail and a $500.00 fine. (C.R., 53-54) The trial court erred in denying appellant's motion to suppress the initial traffic stop of the appellant on the basis of unconfirmed insurance because there is no proof of the operating history and reliability of the insurance database.

## ARGUMENT IN SUPPORT OF APPELLANT'S ISSUE NUMBER ONE

Law enforcement personnel may briefly detain and investigate a person whey they have a reasonable suspicion that the person in involved in criminal activity. *State v. Sheppard*, 271 S.W.3d 281, 287 (Tex.Crim.App. 2008). The officer must be able to point to something that would lead a reasonable person to believe that the person, being detained was engaged in, had engaged in, or was about to engage in a criminal act. *Klare v. State*, 76 S.W.3d 68, 72 (Tex.App.Houston [14th Dist.] 2002, pet. ref'd). Those articulable facts must amount to more than a mere hunch or suspicion. *Davis v. State*, 947 S.W.2d 240, 287 (Tex.Crim.App. 2008).

5

In the instant case, Officer Lobo stopped Appellant's vehicle on the basis that a check of his license plate through the insurance database came back unconfirmed. Drivers are required to maintain proof of financial responsibility to lawfully drive on public roads. See TEX. TRANSP. CODE ANN. §601.061 (Vernon 1999). Ofc. Lobo, based solely on his personal experience, testified that the insurance database is correct around 75% of the time. (R.R. 16, 17) Therefore, based on Officer Lobo's personal experience the database is incorrect around 25% of the time. Officer Lobo's testimony reveals he knows very little of the inner workings of the insurance database. In the case of *Johnson v. State*, 2012 WL 698894(Tex. App.Houston [14th Dist.] Nos. 14-10-00941-CR, 14-10-00942-CR, March 6, 2012) (Unpublished), although decided on other grounds, reveals another instance where a police officer received a false positive on information regarding unconfirmed insurance.

The State did not present any evidence developing the source of the information comprising the database, illustrating the accuracy of the database, establishing the timeliness of the information within the database, depicting how often those using the database were told that insurance was unconfirmed, or proving that the program through which the database was accessed was even operating at the time. *Gonzalez-Gilando v. State*, 306 S.W.3d 893 (Tex.App.-

Amarillo 2010, pet. ref'd). Other than Officer Lobo's anecdotal evidence, the State did not present any evidence demonstrating the reasonableness of police reliance on the information in the insurance database, also known as the Financial Responsibility Verification Program. *Contraras v. State*, 309 S.W.3d 168 (Tex.App.- Amarillo 2010, pet. ref'd).

Without the State presenting evidence that the insurance database is credible and reliable, the insurance database is the equivalent of an anonymous informant, which, without corroborating information, cannot be the sole basis of an investigative detention. Therefore, the trial court abused its' discretion in denying appellant's motion to suppress.

## SUMMARY OF ARGUMENT FOR ISSUE NUMBER TWO

2.     THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE.

The trial court erred in denying appellant's motion to suppress the initial traffic stop of the appellant on the basis of a response from the insurance database of "unconfirmed" insurance, without any accompanying corroborating information. This response does not provide sufficient specific, articulable facts to support reasonable suspicion or probable cause for an investigative detention.

7

## ARGUMENT IN SUPPORT OF APPELLANT'S ISSUE NUMBER TWO

A response of "unconfirmed" insurance alone is not sufficient to create reasonable suspicion to justify the investigative detention of Appellant. A police officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). It is uncontroverted that Officer Lobo based his stop of Appellant's vehicle upon a response of unconfirmed insurance from the insurance database.

Officer Lobo's testimony reveals that he receives three possible responses when checking a vehicle for insurance: 1. Confirmed; 2. Unconfirmed with accompanying information such as when the insurance expired, who was the insurance provider, and whether it has been expired more than 45 days; or 3. Unconfirmed. (R.R. 21, 22) Similarly, in *Short v. State*, 2011 WL 3505611 (Tex. App. Beaumont No. 09-10-00489-CR, August 10, 2011) (Unpublished), the officer in that case testified that these three responses are common from the insurance database. In contrast to this case, the arresting officer in the *Short* case, received information that Mr. Short was driving a vehicle that showed insurance coverage was "unconfirmed for 45 days or more and expired." *Id.* The arresting officer further testified that a report of unconfirmed with no information listed

8

"typically means that Department of Insurance is unable to confirm one way or the other, and they don't have any information to support that finding." Id. The arresting officer in *Short* further testified that he does not stop a vehicle whose return states unconfirmed with no information listed. Similarly, in *Crawford v. State*, 355 S.W.3d 193 (Tex.App.-Houston [1st Dist.] 2011, pet. ref'd), this Court of Appeals found that when the response from the insurance database yields specific information, such as the last insurance company, the policy number, and that the policy had expired more than 45 days before, that this is sufficient, specific, articulable information to justify reasonable suspicion and a subsequent investigative detention. Id at 197, 198. Lastly, *Tellez v. State*, 2011 WL 3925627 (Tex. App. Beaumont No. 09-10-00348-CR, August 24, 2011) (Unpublished) also supports a stop when a check of a vehicle through the insurance database reveals unconfirmed insurance with accompanying information to show that the insurance was expired.

In contrast, to the specific articulable information seen in the *Short*, *Crawford*, and *Tellez* cases, in this case, the only evidence Officer Lobo received is that the insurance was unconfirmed on Appellant's vehicle, with no accompanying information. A response of unconfirmed insurance, with nothing more, is not sufficiently specific, articulable information to support reasonable suspicion to

9

justify an investigative detention.

In *State v. Daniel*, 446 S.W.3d 809 (Tex.App.-San Antonio 2014, no pet.), the sole basis of the stop was based on a database response that the insurance was unconfirmed. Id at 814. The San Antonio appellate Court in *State v. Daniel* found that this response alone is not sufficiently detailed and reliable evidence to support reasonable suspicion. Id at 815.

Similarly, a response from the insurance database that the information regarding a vehicle's insurance is "not available" or the status was "undocumented" is not sufficient to prove that the stop was based on either reasonable suspicion or probable cause. *Gonzalez-Gilando v. State*, 306 S.W.3d 893 (Tex.App.-Amarillo 2010, pet. ref'd); *Contraras v. State*, 309 S.W.3d 168 (Tex.App.- Amarillo 2010, pet. ref'd).

The distinction in the case law precedent is very clear: A response from the insurance database of unconfirmed accompanied with specific information corroborating the response, supports reasonable suspicion. A response from the insurance database of unconfirmed with nothing more, as in the case at hand, is not enough to support reasonable suspicion or probable cause to stop and detain.

A response from the insurance database that insurance on a vehicle is "unconfirmed," with no other accompanying information is not sufficiently

10

detailed and reliable evidence to support reasonable suspicion. After all, every citizen in the United States is walking around unconfirmed, that we may or may not have an arrest warrant, until the government stops you to confirm your identity. To justify the intrusion of the State upon an individual's liberty solely on the basis of a vague, nebulous response from an unproven computer database is to venture into a dangerous world. The trial Court abused its' discretion in denying appellant's motion to suppress by finding that a response of "unconfirmed" insurance alone, with no specific information accompanying the response, is sufficient articulable and specific facts to justify reasonable suspicion to stop and detain.

## CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant respectfully asks that the judgment of the trial court be reversed and that a judgment of acquittal be entered and for such other and further relief to which Appellant may be justly entitled.

11

Respectfully submitted,

SALVADOR FAUS
TORRES and FAUS LAW FIRM
1009 44th Street
Galveston, Texas 77550
(409) 763-2978
(409) 763-3424 (fax)
salfaus@gmail.com
SBN: 00785854
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief was prepared in Microsoft Word using 14 point font for text, and that the brief contains 2,064 words.

Salvador Faus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Brief for Appellant was hand-delivered to Ms. Rebecca Klaren, Assistant District Attorney of Galveston County, Texas, 600 59th Street, Galveston, Texas 77551 and hand-delivered and/or mailed to Appellant in compliance with the Texas Rules of Appellate Procedure on this the 11th day of March, 2015.

Salvador Faus