**Opinion issued March 15, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00574-CR

————————————

**JOSE LUIS ORTA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1504299**

---

## MEMORANDUM OPINION

A grand jury indicted Jose Luis Orta for the felony offense of evading arrest or detention. *See* TEX. PENAL CODE § 38.04. He pleaded not guilty, and his case was tried to a jury. A jury found Orta guilty and assessed his punishment at 7 years' confinement. On appeal, Orta contends that (1) the evidence is legally insufficient

to support his conviction; (2) the trial court erred in denying his request for a jury question as to whether reasonable suspicion existed to conduct a traffic stop; and (3) counsel rendered ineffective assistance by waiving an opening statement and by failing to request a necessity instruction. We affirm.

## BACKGROUND

This prosecution arose out of a surveillance operation. Jaime Garza was the target, for whom the police had obtained an arrest warrant in connection with a robbery investigation. Officers arrived at the home of Garza's reputed girlfriend and began watching it. A black pick-up truck, known to be driven by Garza, but thought to be stolen, was parked in front of the home when the officers arrived.

Orta exited the home with Garza. Orta got into the passenger side of the truck. Garza got in on the driver's side. Garza became aware of the police surveillance, exited the truck, and attempted to flee on foot. Orta drove away in the truck a couple of minutes later. Officers pursued Orta, believing that the truck he was driving was stolen and that there might be weapons in it.

After Orta failed to signal a lane change and improperly turned into the far lane of traffic, an officer in a marked police car tried to stop Orta. The officer turned on his car's lights and sirens, and Orta sped away. Two officers in a second marked police car joined the chase and became the lead vehicle in the pursuit. They turned on their car's lights and sirens.

2

The pursuit, which occurred during the early to mid-afternoon in moderate traffic, continued for about 12 to 15 miles. During this time, Orta failed to signal lane changes, swerved around other vehicles, drove on the shoulder, exceeded the speed limit, exited a highway by driving up a grassy median, disregarded a stop sign, entered the oncoming lane of traffic, and crashed through a security gate. Motorists had to take evasive action to avoid Orta.

Orta extended a shotgun from the driver's side window and appeared to fire it.

The chase ended at the Brazos River. Orta jumped out of the truck and into the river. He unsuccessfully tried to swim away. After about an hour in the water, officers persuaded Orta to come back ashore and surrender. An officer found the shotgun lying near the abandoned truck.

Five peace officers testified about the surveillance and pursuit. Orta took the stand in his own defense. He admitted that he knowingly fled from a police officer who was trying to pull him over. But he denied that he had violated any traffic laws. Orta said that he did not know that Garza was wanted by the police or that the truck was stolen. He panicked and fled in the truck after a police vehicle aggressively tried to "box him in." According to Orta, he did not know whether the police were going to shoot him, and so he believed that he was fleeing for his life. As a felon in a vehicle with a firearm that was not his, he also feared being sent back to prison.

3

He claimed that he did not fire the shotgun, had checked to see if it was loaded, and tried to throw it out the window. Orta conceded that he could and should have stopped rather than fleeing.

**DISCUSSION**

## I. Legal sufficiency

Orta contends that the evidence is legally insufficient to prove beyond a reasonable doubt that peace officers were lawfully attempting to detain him, which is an essential element of the offense of evading arrest or detention.

### A. Standard of review and applicable law

In a review for legal sufficiency, we view the evidence in a light favorable to the verdict to determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (relying on *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979)). We defer to the jury's resolution of conflicts in the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The elements of the offense of evading arrest or detention are: (1) intentionally (2) fleeing (3) from a person whom the defendant knows is a peace officer (4) who is trying to lawfully arrest or detain him. TEX. PENAL CODE § 38.04(a); *Farrakhan v. State*, 263 S.W.3d 124, 134 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 247

4

S.W.3d 720 (Tex. Crim. App. 2008). Evading arrest in a motor vehicle is a third-degree felony. TEX. PENAL CODE § 38.04(b)(2)(A).

The State must prove the lawfulness of the attempted detention. *Crawford v. State*, 355 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A detention to investigate criminal activity is lawful when law enforcement officers can point to specific, articulable facts that, along with any rational inferences from those facts, reasonably warrant the detention. *Id.* (relying on *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884–85 (1968), and *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). We review de novo the legal question of whether the totality of the circumstances supports an officer's reasonable suspicion. *See Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007); *Crawford*, 355 S.W.3d at 196–97.

**B.    Analysis**

Orta's testimony provided legally sufficient proof of several of the elements of the offense. He conceded that he fled from the police. Orta admitted that he knew that it was a police officer who was trying to pull him over. Orta likewise admitted that that he could have stopped and chose not to stop, and that he should have stopped.

Orta's challenge focuses on the lawfulness of the initial attempted detention. Sergeant H. Sanchez said that law enforcement officers had identified the truck in

5

connection with a robbery investigation. Officer R. Rojas-Garcia stated that officers thought the truck might contain weapons related to the investigation. Another officer, J. Lagunas, said that the officers believed the truck had been stolen. Finally, Officer I. Frost testified that Orta committed two traffic violations that warranted a stop: failure to signal a lane change and failure to turn into the nearest available lane. Each of these reasons presented a reasonable basis for an investigatory detention. *See Crawford*, 355 S.W.3d at 196 (detention lawful if officers can articulate specific facts warranting it); *see, e.g.*, *Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (officers may detain motorist if they have reasonable basis to suspect that he has committed traffic violation); *Mount v. State*, 217 S.W.3d 716, 728–29 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (officers may detain motorist if they reasonably suspect that vehicle is stolen).

Orta argues that other evidence shows that the officers had no lawful basis to detain him. For example, Orta testified that Officer Frost was too far away to see any traffic violations, and Orta denied committing any. Conflicts in the testimony, however, were for the jury to resolve. *See Isassi*, 330 S.W.3d at 638. The lawfulness of a traffic stop does not turn on whether the motorist committed a violation, but on whether the officer formed a reasonable belief that the motorist did so. *Vasquez*, 324 S.W.3d at 919. Further, Orta does not address the alternative reasons that the officers proffered for Orta's detention—their belief that the truck he was driving was

6

stolen and might have contained weapons associated with the robbery they were investigating.

Because the officers demonstrated a reasonable belief that a crime had been committed involving the truck or weapons concealed within the truck, we hold that the evidence was legally sufficient to prove that the officers properly sought to detain Orta to investigate possible criminal activity.

## II.    Trial court's denial of Article 38.23 instruction

Orta contends that the trial court erred in denying his requested jury instruction as to the unlawfulness of the attempted stop.  Because there was an evidentiary dispute as to whether he committed a traffic violation, Orta reasons, he was entitled to have the jury instructed to disregard any evidence obtained if it found that peace officers did not lawfully attempt to detain him for such a violation.

### A.    Standard of review and applicable law

In reviewing jury-charge issues, our threshold inquiry is whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

If there is a fact issue as to whether law enforcement officers lawfully obtained certain evidence used against the defendant, then the trial court must instruct the jury that if it believes, or has a reasonable doubt, that this evidence was unlawfully obtained, it must disregard this evidence.  TEX. CODE CRIM. PROC. art. 38.23(a);

7

*Madden*, 242 S.W.3d at 510; *Rocha v. State*, 464 S.W.3d 410, 418–19 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). To qualify for such an instruction, the evidence must (1) raise a fact issue; (2) be affirmatively contested; and (3) be material to the lawfulness of the challenged conduct. *Madden*, 242 S.W.3d at 510; *Rocha*, 464 S.W.3d at 419. To obtain an instruction, the defendant must request one on a specific historical fact. *Madden*, 242 S.W.3d at 511. If other, undisputed facts are sufficient to support the lawfulness of the challenged conduct, then the disputed fact is not material. *Id.* at 510. In other words, the disputed fact must be an essential one in deciding the challenged conduct's lawfulness. *Id.* at 511.

## B.     Analysis

Orta is correct that there was conflicting testimony as to whether he committed any traffic violations. Nevertheless, this evidentiary conflict did not entitle him to an Article 38.23 instruction for two reasons.

First, even if the jury had found that Orta did not commit a traffic violation, this finding would not have rendered the attempted stop unlawful. An officer need only reasonably believe that a motorist committed a violation; an actual violation is not a prerequisite to a lawful detention. *Vasquez,* 324 S.W.3d at 919. Thus, Orta's contention that he did not commit a traffic violation is immaterial to the lawfulness of the officers' attempt to detain him.

8

Second, even if the commission of a traffic violation ordinarily would be material as to whether an officer formed a reasonable belief that a criminal investigatory detention was necessary, the officers' belief that the truck Orta was driving was stolen and might have contained weapons associated with the robbery they were investigating were additional bases for the stop. *See Crawford*, 355 S.W.3d at 196; *Mount*, 217 S.W.3d at 728–29. The traffic violations therefore were not essential to the attempted stop's lawfulness.

We hold that the trial court did not err in denying Orta's request for the inclusion of an Article 38.23 instruction in the jury charge.

## III. Ineffective assistance

Orta contends that his lawyer rendered ineffective assistance in two respects: by failing to make an opening statement on his behalf, and by failing to request a jury instruction on the defense of necessity.

### A. Standard of review and applicable law

To prevail on his claims of ineffective assistance, Orta must prove that his lawyer's performance fell below an objective standard of reasonableness and that this deficiency prejudiced his defense. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 686–88, 104 S. Ct. 2052, 2063–64 (1984)). Orta bears the burden of proof on both issues, and failure to make either showing by a preponderance of the evidence will defeat his

9

ineffectiveness claims. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

We presume that a lawyer performed within professional norms. *See Lopez*, 343 S.W.3d at 142–43; *Minassian v. State*, 490 S.W.3d 629, 641 (Tex. App.—Houston [1st Dist.] 2016, no pet.). We do not assume that counsel lacked a sound reason for making strategic choices; rather, the defendant must show that no plausible reason exists for a particular act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Minassian*, 490 S.W.3d at 642. Without testimony from counsel, we will not speculate as to counsel's strategy if the record is silent as to the basis for her choices. *Minassian*, 490 S.W.3d at 642.

### B. Analysis

Orta did not move for a new trial on the basis of ineffective assistance. Consequently, the record contains no evidence about trial counsel's strategy or decision-making.

### 1. Failure to make an opening statement

The purpose of an opening statement is to preview the evidence that counsel expects the jury will hear. *See Davis v. State*, 22 S.W.3d 8, 13 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Texas courts have held that an opening statement is "entirely optional" or "entirely discretionary." *Darkins v. State*, 430 S.W.3d 559, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Calderon v. State*, 950

S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.). Thus, counsel's decision as to whether to make an opening statement is a matter of trial strategy. *See Brennan v. State*, 334 S.W.3d 64, 77 (Tex. App.—Dallas 2009, no pet.); *Davis*, 22 S.W.3d at 13; *Standerford v. State*, 928 S.W.2d 688, 697 (Tex. App.—Fort Worth 1996, no pet.). Defense counsel reasonably may waive the opportunity to make an opening statement to avoid previewing the defense case or to retain flexibility to mount unforeseen defenses disclosed by the evidence at trial. *See Davis*, 22 S.W.3d at 13.

The State tried Orta for a crime with readily understandable elements. Most of the material facts were undisputed. The entire trial—both the guilt-innocence and punishment phases—was concluded in two days. On this record, Orta has not shown that his lawyer lacked a plausible reason for not making an opening statement or that his trial would have had a different outcome if his lawyer had previewed the evidence for the jury. *See Brennan*, 334 S.W.3d at 77; *Davis*, 22 S.W.3d at 13; *see also Doe v. Brazoria Cty. Child Protective Servs.*, 226 S.W.3d 563, 573 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (rejecting claim of ineffective assistance premised in part on failure to give opening statement where party had not shown how the outcome of her trial would have been different had her counsel done so).

### 2. Failure to request an instruction on the defense of necessity

Orta testified that he panicked and fled the police in fear for his life. Orta contends that this testimony was sufficient to raise the defense of necessity and that

11

counsel was ineffective when counsel failed to request a necessity instruction for the jury charge.

Necessity is a defense that otherwise criminal acts are justified under the circumstances. *See* TEX. PENAL CODE § 9.22; *Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999). To raise it at trial, the defendant must admit that he committed the offense and then offer necessity as a justification for his otherwise illegal conduct. *Young*, 991 S.W.2d at 839. At trial, Orta argued that the jury should acquit him on the ground that that State had not proved beyond a reasonable doubt that peace officers were lawfully trying to detain him when he fled. In other words, he disputed an essential element of the offense. *See* TEX. PENAL CODE § 38.04(a); *Farrakhan*, 263 S.W.3d at 134. Orta therefore was not entitled to have the jury charged on the defense of necessity. *See Young*, 991 S.W.2d at 839. And because Orta was not entitled to this jury instruction, his lawyer did not render ineffective assistance by failing to request it. *See id.*

## CONCLUSION

We affirm the judgment of the trial court.

Jane Bland<br>Justice

Panel consists of Justices Bland, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).