**820·15**

ORIGINAL

No. PD-0820-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

Benjamin Elias,
            Appellant/Petitioner

VS.

The State of Texas,
            Appellee/Respondent.

FILED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

In Appeal No. 04-14-00498-CR
from the
Court of Appeals
for the Fourth Judicial District
of Texas

Benjamin Elias

Benjamin Elias, pro se
TDCJ-ID No. 819778
Fort Stockton Unit
1536 I-10 E
Fort Stockton, TX 79735

## Identity of Parties and Counsel

Pursuant to Tex. R. App. P. 38.1 (a), the parties of this suit are as follows:

BENJAMIN ELIAS was the Defendant and is the Appellant.

The State of Texas, by and through the Bexar County District Attorney's Office, 101 W. Nueva St., San Antonio, Texas 78205, prosecuted this case and is the Appellee.

Presiding Judge:
    At trial: Hon. Scott Roberts
        County Court at Law No.12
        Bexar County Texas
    On appeal: Patricia O' Alvarez, Justice
        Fourth Court of Appeals for Texas
        San Antonio, Texas

For the State:
    At trial: Susan Reed
        Bexar County District Attorney
        SBOT # 16687400

        Matthew Ludowig, SBOT # 24072900

James Phillips, SBOT # 24081759
Assistant Bexar County District Attorneys

On Appeal: Susan Reed / Appellate Section
Bexar County District Attorney

Laura E. Durbin, SBOT # 24068556
Assistant Criminal District Attorney.

For the Appellant:
At trial: Tony Jimenez III
        SBOT # 10666800
        214 Dwyer, Suite 315
        San Antonio, TX. 78205

On appeal: Angela J. Moore SBOT # 14320110
        Assistant Public Defender
        Paul Elizondo Tower
        101 W. Nueva St., Suite 310
        San Antonio, TX. 78205

On petition for
discretionary review: Benjamin Elias, pro se

# TABLE OF CONTENTS

1) IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . iii-iv.

2) TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . V.

3) INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . vi.

4) STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . 1

5) STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 2

6) STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . 2

7) GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . 3

8)     GROUND FOR REVIEW NUMBER ONE
        Has the Court of Appeals departed from the
        established standard for determining the
        sufficiency of an affidavit supporting a motion
        for new trial? . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9) ARGUMENT NUMBER ONE . . . . . . . . . . . . . . . . . . . 3-4

10) PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . 5

11) CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . 5

12) APPENDIX [OPINION] . . . . . . . . . . . . . . . . . . . . 6-12

# INDEX OF AUTHORITIES

## Case Law

1) Alvarado v. State, 2004 Tex.App. LEXIS 4462 ............... 4

2) Hamilton v. State, 2003 Tex. App. LEXIS 7055 ........... 3

3) Martinez v. State,
    74 S.W.3d 19, 21 (Tex.Crim.App. 2002) ............ 4

4) Rodriguez v. State,
    82 S.W. 3d 1 (Tex.App.-San Antonio 2001) ........... 4

## Statutory Law

1) Tex. R. App. P., 9.2 (b) ..................... 2

2) Tex. R. App. P., 21.2 ...................... 3

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

Benjamin Elias,
        Appellant/Petitioner

vs.

The State of Texas,
        Appellee/Respondent.

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

## STATEMENT OF THE CASE

Appellant was charged by information with driving while intoxicated, alleged to have been committed in Bexar County, Texas, on or about May 24, 2013. (CR at 8). Appellant pleaded not guilty, and a jury found him guilty of the charged offense.[1] (3 RR 5; 5 RR 41)(CR at 49). The trial court assessed punishment of six months' confinement in jail, a $2,000 fine, and court costs of $492.00. (CR at 49). The trial court further found that the judgment was satisfied. (5 RR 44)(CR at 50). Appellant filed a Motion for New Trial (CR at 70-80). Appellant filed a notice of appeal and the trial court certified his right to appeal. (CR at 48). This appeal followed.

## STATEMENT OF PROCEDURAL HISTORY

In Cause No. 427052, the Appellant/Petitioner was charged with the offense of MB driving while intoxicated. The Appellant/Petitioner was convicted of such offense on June 13th, 2014 and appealed the conviction. On June 3rd, 2015, the Fourth Court of Appeals affirmed the conviction. No motion for rehearing was filed. On October 27th, 2015, this Petition for Discretionary Review was timely forwarded to the Court of Appeals for filing pursuant to Rule 9.2 (b), Texas Rules of Appellate Procedure.

---

[1] The State abandoned Count II of the information, which charged Appellant with Obstructing a Highway. (CR at 4)

[2 of 12]

## GROUNDS FOR REVIEW
### I.

Has the Court of Appeals departed from the established standard for determining the sufficiency of an affidavit supporting a motion for new trial?

## ARGUMENT NUMBER ONE

In Justice Patricia Alvarez's Memorandum Opinion, the Fourth Court of Appeals stated the following:

"In the absence of a developed record, we will not 'speculate as to the reasons why trial counsel acted as he did, rather [we] must presume that the actions were taken as part of a strategic plan for representing the client." See Mem. Op. 3.

What the Court overlooks is the fact that Appellant/Petitioner submitted a Motion for New Trial supported by affidavit raising ineffective assistance of counsel amongst other grounds. "A motion for new trial is a prerequisite to presenting a point of error on appeal where it is necessary to adduce facts not in the record. Tex. R. App. P. 21.2." Hamilton v. State, 2003 Tex. App. LEXIS 7055. Said motion was submitted to the clerk of the court, district attorney and presiding judge. Said Motion for New Trial ~~has~~

has been wholly disregarded for reasons not made clear by the record.

"When an accused presents a motion for new trial raising matters not determinable from the record which would entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing." See Alvarado v. State, 2004 Tex. App. LEXIS 4462; Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002); Rodriguez v. State, 82 S.W.3d 1 (Tex. App.—San Antonio 2001). Thus, the trial court had a duty to conduct an evidentiary hearing regarding said motion, developing the record. An abuse of discretion has therefore resulted in an underdeveloped record.

Furthermore, an evidentiary hearing on said motion would have developed issues highlighting ineffectiveness of counsel and deficiencies in the Court's findings. Hence, the court of appeals would have had more than a scintilla of evidence to base their decision on and would not have had to speculate

The Court of Appeals opines that the record is not developed enough to determine ineffectiveness of counsel. The Petitioner counters that said record is underdeveloped due to an abuse of discretion by the trial court in failing to fulfill their duty with relation to his motion for new trial. Precedent from the Court of Criminal Appeals of Texas clearly reflects the Court's position on this matter. It would, therefore, be consistent with said precedent to hold further hearings consistent with the Court's previous rulings.

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully submitted,

Benjamin Elias

Benjamin Elias, pro se
TDCJ-ID No. 819778
Fort Stockton Unit
1536 I-10 E
Fort Stockton, Texas 79735

## CERTIFICATE OF SERVICE

I, Benjamin Elias, Petitioner, pro se, hereby certify that a true and correct copy of the above and foregoing Appellant's Petition for Discretionary Review has been forwarded by U.S. Mail, postage paid, first class, to the Attorney for the State, Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205; and State Prosecuting Attorney, Lisa C. McMinn, P.O. Box 13046, Austin, Texas 78711 on this the 27th day of October 2015. Please note that only the original copy sent to the Court of Criminal Appeals contains a Memorandum Opinion in the Appendix as Petitioner only had one copy of said Opinion.

Benjamin Elias

Benjamin Elias, pro se

[5 of 12]

APPENDIX

(Only Original Contains Six Page Memorandum
Opinion Issued by Fourth Court of Appeals.
See Certificate of Service

[6 of 12]



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00498-CR

Benjamin **ELIAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 427052
Honorable Scott Roberts, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  June 3, 2015

AFFIRMED

Following a single car accident, Appellant Benjamin Elias was arrested for driving while intoxicated. The jury returned a verdict of guilty and the trial court assessed punishment at six months' confinement in the Bexar County Jail and a $2,000.00 fine. In his sole issue on appeal, Elias contends he received ineffective assistance of counsel based on trial counsel's failure to pursue a pre-trial motion to suppress. We affirm the trial court's judgment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

In order to establish that trial counsel rendered ineffective assistance, Elias must "establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *accord Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). To establish the first prong, deficient performance, Elias must prove that his attorney's performance "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88). To establish harm, Elias "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 158 (citations omitted) (quoting *Strickland*, 466 U.S. at 694).

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Therefore, Elias "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel."

*Id.* at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

In the absence of a developed record, we will not "speculate as to the reasons why trial counsel acted as he did, rather [we] must presume that the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Moreover, an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**B.     Arguments of the Parties**

Elias contends that his trial counsel committed unprofessional errors by failing to pursue a pretrial motion to suppress evidence obtained from an allegedly illegal arrest, based on the officer's erroneous and unreasonable belief that Elias was intoxicated at the scene of the accident.

The State counters that Elias failed to establish that counsel's performance was deficient or that there is a reasonable probability the motion to suppress would have been granted.

**C.     Analysis**

At the onset, we note that "[t]he failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy." *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd); *see also Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (reiterating trial "[c]ounsel is not required to engage in the filing of futile motions"). Rather, to satisfy the *Strickland* test and prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, Elias was required to show, by a preponderance of the evidence, that the

motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *accord Carmen v. State*, 358 S.W.3d 285, 295 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). This requirement includes producing sufficient evidence to defeat the presumption of proper police conduct. *Jackson*, 973 S.W.2d at 957; *accord Carmen*, 358 S.W.3d at 295.

We therefore turn to an analysis of the record.

*1. Testimony at Trial*

The jury heard two days of testimony from multiple witnesses, including three different police officers.

San Antonio Police Officer Matthew Flores testified that he came across the scene of the accident at approximately 3:30 in the morning on May 24, 2013. Officer Flores noted significant damage to the vehicle, but Elias did not appear to be injured. According to Officer Flores, there were no other vehicles in the vicinity and no other individuals at the scene.

Officer Gary Nel testified that he drove up shortly after the accident and Elias's vehicle was blocking oncoming lanes of traffic. Officer Nel did not see Elias drive the vehicle, but he did "[observe Elias] walking from the driver's side door towards the barrier on the right-hand side [of the vehicle]." Officer Nel did not see any other individuals or vehicles at the scene and Elias did not mention any people involved in the accident. Additionally, Officer Nel testified that an arrogant Elias reported he was run off the road by another vehicle, but Elias could not provide either a make, model, or color of the other vehicle.

The next officer called to testify was Officer Chad Bendele. Officer Bendele testified that he was called to the accident scene based on Officer's Nel's suspicion of Elias's ingestion of intoxicants. Officer Bendele reported Elias was very confused as to his location, where he had been, and where he was headed. After several questions, Elias acknowledged spending the last

- 4 -

several hours at the Thirsty Horse Bar. Elias, however, did not know how much he had consumed. Officer Bendele testified that Elias had a strong odor of intoxicants, slurred speech, and bloodshot, glassy eyes.

Officer Bendele explained to Elias his right to refuse the field sobriety tests, but Elias was cooperative and agreed to perform the tests. Officer Bendele testified that Elias exceeded the allowable markers on the horizontal gaze nystagmus, the walk and turn test, and the one-leg stand. He also testified that Elias agreed to provide a breath specimen. This test was later interpreted by State's witness Debbie Stephens—who testified Elias's first specimen registered a blood alcohol concentration of 0.14 and his second registered a 0.129.

### 2. Alleged Defects by Defense Counsel

Elias points to trial counsel's failure to pursue a pretrial motion. Our analysis, however, is conducted based on a review of the entire record. *See Thompson*, 9 S.W.3d at 813. The record reflects that defense counsel conducted extensive voir dire and cross-examination of all the witnesses during two days of trial. Elias's complaints about the video and lack of physical evidence were all addressed during the cross-examinations.

In a hearing on a motion to suppress, "the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Therefore, just like the jury, the trial court could have reasonably resolved the conflicting testimony in favor of the State. *See id.* at 855–56. Elias therefore failed to show the motion to suppress would have been granted. The fact that other counsel may have tried the case differently does not show ineffective assistance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

This court is bound by the strong presumption that defense counsel's conduct was reasonable and professional and could be considered sound trial strategy. *Id.* Trial counsel's

-5-

[11 of 12]

reasons for not pursuing the motion to suppress are not firmly founded in the record and we will not engage in retrospective speculation. *Id.* at 835; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (holding appellate court will not indulge in speculation concerning trial counsel's decision-making process); *see also Ex parte Moore*, 395 S.W.3d at 157. We presume that trial counsel exercised reasonable professional judgment in exercising a decision not to pursue a pretrial motion to suppress, and we do not speculate as to counsel's reason for that decision. *See Crawford v. State*, 355 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (involving an ineffective assistance of counsel claim for failure to file a pretrial motion to suppress evidence related to officer's traffic stop).

## CONCLUSION

Upon review of the entire record, we conclude Elias failed to affirmatively demonstrate his ineffective assistance of counsel claim. *Ex parte Moore*, 395 S.W.3d at 157; *Menefield*, 363 S.W.3d at 592; *Jackson*, 973 S.W.2d at 957; *accord Carmen*, 358 S.W.3d at 295. More specifically, Elias failed to demonstrate that a motion to suppress would have been successful. Likewise, given that the officer's testimony supports reasonable suspicion for making the arrest, Elias failed to demonstrate that the outcome of trial probably would have been different had his trial counsel pursued a motion to suppress. *See Carmen*, 358 S.W.3d at 295.

Because we conclude that Elias failed to show counsel's performance was deficient, we need not address prejudice. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Accordingly, we overrule Elias's claim of ineffective assistance of counsel.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

Benjamin Elias
DCT-ID No. 819478
Fort Stockton Unit
36-1-10 E
Fort Stockton, Texas 79735

LEGAL MAIL

Mr. Abel Acosta
Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Austin, Texas 78711

MIDLAND TX 797
THU 29 OCT 2015 PM